## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM A. ROLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: 1:08-CV-33-MHT** |
| | ) | |
| **COMMANDER REED, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# SPECIAL REPORT AND ANSWER

Come now defendants, **Commander Keith Reed, Sergeant Carl Kirksey, and Sergeant Cindy Buchmann,** in the above styled cause and for Answer to plaintiff's Complaint, state as follows:

1.      As to Paragraph 1 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2.      As to Paragraph 2 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3.      As to Paragraph 3 of plaintiff's Complaint, defendants deny that the constitutional rights of plaintiff have been violated and demand strict proof thereof.

4.    As to Paragraph 4 of plaintiff's Complaint, defendants deny that plaintiff's constitutional rights have been violated at any time.

5.    As to Paragraph 5 of plaintiff's Complaint, defendants deny that plaintiff's Constitutional rights have been violated.  Defendant asserts that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof.  For more complete factual information regarding plaintiff's Complaint and defendants' response thereto, please refer to the **Affidavits of Sergeant Cindy Buchmann, Sergeant Carl Kirksey, and Commander Keith Reed** (Exhibits "1", "2" and "3" respectively).

6.    As to Paragraph 6 of plaintiff's Complaint, defendants assert that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

The plaintiff's Complaint alleges claims for declaratory and injunctive relief which said claims are now moot as the plaintiff is no longer incarcerated in the Houston County Jail.  The

plaintiff was taken into the State of Alabama prison system on or about February 6, 2008.

## FOURTH DEFENSE

That the plaintiff's claims involve declaratory and injunctive relief. Because the plaintiff is no longer incarcerated in the Houston County Jail, said claims are moot and this case is due to be dismissed. *See* County of Los Angeles v. Davis, 440 U.S. 625 (1979); Cotterall v. Paul, 755 F.2d 777 (11th Cir. 1985).

## FIFTH DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, Plaintiff is not entitled to any award of punitive damages should this Complaint be construed to request them.

## SIXTH DEFENSE

Defendants are immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

## SEVENTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## EIGHTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the plaintiff.

## NINTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations against defendants as they are unsupported by fact or law.

## TENTH DEFENSE

The allegations contained in plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

## ELEVENTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## TWELFTH DEFENSE

Should the plaintiff's Complaint be construed to state claims under Alabama law, all state claims against defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

## THIRTEENTH DEFENSE

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed., 2d 67 (1984).

## FOURTEENTH DEFENSE

In addition to defendants Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of 42 U.S.C. § 1983. The plaintiff, by suing defendants in their

official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

### FIFTEENTH DEFENSE

Defendants assert the defense of qualified immunity. Further, defendants plead the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause. Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy, Officer or Sheriff Department Employee of Houston County, Alabama.

### SIXTEENTH DEFENSE

Defendants assert and plead the defense of substantive or state law immunity under the law of the State of Alabama.

### SEVENTEENTH DEFENSE

Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, Article I, §14.

### EIGHTEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

### NINETEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States

Constitution.

## TWENTIETH DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338*, which provides absolute immunity to all peace officers and governmental units.

## TWENTY-FIRST DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a)*. Specifically, plaintiff has filed this lawsuit against defendants who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code § 41-9-60;* and plaintiff has failed to properly pursue the administrative remedies available to him in the Houston County Jail by virtue of the grievances procedures provided to the inmates therein.

## TWENTY-SECOND DEFENSE

The PLRA requires exhaustion of available administrative remedies before the plaintiff can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

### TWENTY-THIRD DEFENSE

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether

they involve general circumstances or particular episodes, and whether they allege excessive force

or some other wrong." Proter v. Nussle, 534 U.S. 516, 532 (2002).

### TWENTY-FOURTH DEFENSE

Exhaustion of all available administrative remedies is a precondition to litigation and a

federal court cannot waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6

(2001); Woodford v. Ngo, _____ U.S. _____, 126 S.Ct. 2378 (2006). Morover, "the PLRA

exhaustion requirement requires *proper exhaustion.*" *Ngo,* 126 S.Ct. At 2387 (emphasis added).

### TWENTY-FIFTH DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal

of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which

relief can be granted or seeks money damages from defendants who are entitled to immunity.

### TWENTY-SIXTH DEFENSE

That the plaintiff does not properly plead or otherwise specifically show a physical injury as

required by *42 U.S.C. §1997e(e)* which provides that

> No Federal civil action may be brought by a prisoner confined in a
> jail, prison, or other correctional facility, for mental or emotional
> injury suffered while in custody without a prior showing of physical
> injury.

### TWENTY-SEVENTH DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and

limitations inmates must follow in filing in forma paupers actions in federal court.

### TWENTY-EIGHTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f)*, plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

### TWENTY-NINTH DEFENSE

Pursuant to *28 U.S.C. §1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are state officers entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

### THIRTIETH DEFENSE

Defendants are entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff. *See* Ex parte Thomas J. Purvis (re: Ackers v. Mobile County, et al.) 689 So.2d 794 (Ala. 1996) and Alexander v. Hatfield, 652 So.2d 1142 (1994).

### THIRTY-FIRST DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory. *See* White v. Birchfield, 582 So.2d 1085 (Ala. 1991); and Hardin v. Hayes, 957 F.2d 845 (11th Cir. 1992).

### THIRTY-SECOND DEFENSE

The plaintiff cannot recover against defendants in this case because Alabama law provides sufficient due process remedies for the allegations made by plaintiff herein and such remedies are

constitutionally adequate.

### THIRTY-THIRD DEFENSE

The Sheriff and his Corrections Officers are state officers. Under the Alabama Constitution of 1901, sheriffs are specifically designated as *state* executive officials. *Id. § 112* ("The executive department shall consist of a governor, lieutenant governor, attorney general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county.") "[A]n Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail." Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Cir. 1998) (en banc).

### THIRTY-FOURTH DEFENSE

There was no policy or custom of the Sheriff that was executed by any employee of the Houston County Sheriff Department that caused any injury to the plaintiff.

### THIRTY-FIFTH DEFENSE

Defendants assert that in the situation at bar, there was the potential for "violent confrontation and conflagration". Defendants assert that in such situations a jail's internal security is peculiarly a matter to be left to the discretion of jail administrators and should carry "special weight." Defendants further assert that as jail administrators, they should "be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Defendants contend that such deference should extend to the security measures taken in this case in response to the actual confrontation with the plaintiff "just as it does to prophylactic or preventive measures intended to

reduce the incidence of these or any other breaches of prison discipline. <u>Whitley v. Albers</u>, 475 U.S. 312, 322-323, 106 S.Ct. 1078, 1086 (1986).

## THIRTY-SIXTH DEFENSE

Defendants assert that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendants reasonable attorneys fees and costs incurred in the defense of this case.

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgment.**

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

**s/Gary C. Sherrer**
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. <u>SHE-016</u>

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that I have served a copy of the foregoing Special Report and Answer upon William A. Rollins #161962, c/o Ventress Correctional Facility, P.O. Box 767, Clayton, Alabama 36016, by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this 8th day of May, 2008.

**s/Gary C. Sherrer**
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. ROLLINS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:08-CV-33-MHT |
| | ) | |
| COMMANDER REED, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Cindy Buchmann** of the Houston County Sheriff's Department, who is a Senior Corrections Officer for the Houston County Jail, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am Cindy Buchmann and I was at all times related to Plaintiff's complaint and continue to be employed as a Senior Corrections Officer with the Houston County Sheriff's Department. I have worked as a corrections officer in the jail since March, 1995 and have been a sergeant since September, 1998. I am a Certified Jail Technician and I am also a licensed and certified Emergency Medical Technician ("EMT"). My principal duties involve the administration of the Houston County

EXHIBIT

1

Jail. I have personal knowledge of the facts and information contained herein.

With regard to Plaintiff's claims in this lawsuit, I was on duty at the Houston County Jail at the time of the incident but was not personally or directly involved in the factual events made the basis of Plaintiffs' complaint. I have no personal or first hand knowledge of the incident that made the basis of Plaintiff's complaint.

CINDY BUCHMANN

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Cindy Buchmann**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of her information, knowledge and belief.

Sworn to and subscribed before me on this the 15th day of April, 2008.

NOTARY PUBLIC
My Commission Expires: 2-11-2012

### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM A. ROLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 1:08-CV-33-MHT** |
| | ) | |
| **COMMANDER REED, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>AFFIDAVIT</u>

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Carl Kirksey** who is a Corrections Officer serving as a Senior Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

My name is Carl Kirksey, and I am over the age of nineteen (19) years and a resident of Houston County, Alabama.

I am presently employed by the Houston County Sheriff's Department as a Corrections Officer serving as a Senior Corrections Officer and Shift Sergeant with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit.  My principal

---

**CARL KIRKSEY - AFFIDAVIT**                                                                **PAGE 1**



EXHIBIT
2

duties involve the administration of the Houston County Jail. Unless otherwise indicted herein, expressly or by the context thereof, I have personal knowledge of the facts and information contained herein. I make this affidavit after a review of the plaintiff's jail inmate file and the subject matter of the plaintiff's complaint in an attempt to address the plaintiff's claims in this case.

On October 11, 2007, between 8:00 p.m. and 9:00 p.m., Corrections Officer Moon contacted me about the plaintiff's refusal to comply with direct orders from a Corrections Officer. According to the records, the plaintiff was not in his assigned cell which was cell H-6 in H-Pod. The term Pod is synonymous with cell block. According to jail records, when Corrections Officer Moon asked the plaintiff about this, the plaintiff stated, "they told me to move". The record reflects that when Corrections Officer Moon asked the plaintiff who "they" were, the plaintiff stated that he didn't know. Corrections Officer Moon then instructed the plaintiff to move back to his correct bunk and cell assignment. The records also reflect that the plaintiff became argumentative. At approximately 8:20 p.m., the records indicate that the plaintiff refused to go back to his assigned cell saying, emphatically , "I'm not going in that cell". After the plaintiff's refusal to follow the Corrections Officer's instructions, I was again contacted by Corrections Officer Moon and informed that the Plaintiff was refusing to go to the cell he was assigned. I instructed the Corrections Officer to prepare an inmate sanction and move the plaintiff to disciplinary lock down. At approximately 9:00 p.m., Corrections Officer Chancey instructed the plaintiff to pack for lock down pursuant to my order. The plaintiff became even more

argumentative but eventually complied with orders to go to disciplinary segregation. The plaintiff was in violation of Inmate Rule #11: No inmate will interfere with Sheriff's Department personnel, nor will they disobey an order or instruction given by Sheriff's Department personnel. The plaintiff was also in violation of Inmate Rule #12: No inmate will leave his/her authorized area. Inmates must roll into their cells when told to do so.

According to jail records, the plaintiff filed a Notice of Appeal for Inmate Sanction/Restriction on October 12, 2007. On October 14, 2007 plaintiff's appeal of the Sanction/Restriction was reviewed by Sergeant Turner who upheld the sanction stating as the basis for same that "you (plaintiff) were told to go into the cell and this is what you were supposed to do. Follow the rules." The records also reflect that on October 26, 2007, the plaintiff filed a grievance wherein he made numerous vague and non specific allegations. Even though the plaintiff directed the grievance to Sheriff Hughes, pursuant to policy, the grievance was sent to Jail Commander Keith Reed who responded to plaintiff's grievance instructing the plaintiff to file a separate grievance for each factual issue he wanted to have heard by grievance. The plaintiff filed no other grievances.

CARL KIRKSEY

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Carl Kirksey**, who being

sworn by me according to law, deposes and states that the matters and things alleged in the above

Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 8th day of May, 2008.

NOTARY PUBLIC
My Commission Expires: 2-11-2012

---

### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM A. ROLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:08-CV-33-MHT |
| | ) |
| COMMANDER REED, et al., | ) |
| | ) |
| Defendants. | ) |

### <u>AFFIDAVIT</u>

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Keith W. Reed** of the Houston County Sheriff's Department, who is the Commander-Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am Keith W. Reed and I am the Commander-Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since March of 2007. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicted herein, expressly or by the context thereof, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's complaint in an attempt to address plaintiff's claims in this case.



EXHIBIT
3

The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. According to plaintiff's inmate file, the plaintiff filed one grievance that was vague and rambling and did not seek to have any specific situation addressed. I responded to that grievance instructing the plaintiff "please only address one issue per grievance form. As formulated this is not proper and cannot be addressed." The plaintiff addressed that grievance to the Sheriff but as the Sheriff is not personally involved in the day to day operations of the jail, the grievance was given to me pursuant to the Sheriff's standing order to do so.

I was not present in the jail when the events made the basis of plaintiff's complaint took place. According to jail records, the plaintiff was not in his assigned cell and upon being instructed to go to the correct cell, the plaintiff was not only argumentative but the plaintiff absolutely refused to obey direct orders to return to his assigned cell. Assuming for the sake of discussion only, that there had been some confusion related to the plaintiff's cell assignment, there was no excuse for the plaintiff not to follow the direct orders and instructions of the Corrections Officers on duty in the plaintiff's Pod that evening.

In my review of the situation made the basis of the plaintiff's claims, I found plaintiff's claims to be unsupported by the facts. I found no indication of cell assignment confusion but even had there been some confusion, the primary reason the plaintiff was placed on restriction and segregation was his refusal to obey the direct orders given to him by the Corrections Officers on duty.

In my judgment, this situation warranted more severe discipline than the Corrections Officers in their discretion chose to impose. The Corrections Officer on duty in consultation with Shift

Sergeant Kirksey, ordered that the plaintiff be placed on disciplinary segregation for three weeks. I reviewed the plaintiff's appeal and the appeal officers response and found the actions to be appropriate. I also reviewed and responded to the plaintiff's grievance. Also, as I do with all inmates in disciplinary or administrative segregation, I reviewed the plaintiff's segregation status once each week during the three weeks plaintiff was in disciplinary segregation.

The refusal of an inmate to obey a direct and lawful order of the Corrections Officers on duty puts at risk the safety of the Corrections Officers on duty who are often in the general population Pod day room areas of the Pods. Insubordination that is not addressed quickly may escalate into overall disruptive behavior of not only one inmate but of other inmates who perceive a general loss of control and discipline. In the instant situation, there were two Corrections Officers in the day room of H-Pod with approximately thirty (30) inmates. The loss of control of one inmate without immediate and demonstrated consequences could have and has in the past led to dangerous situations for Corrections Officers as they try to maintain good order and discipline in the jail.

The failure of the plaintiff to follow the instructions to return to his assigned cell also created the potential for other inmates to join the plaintiff's insubordination and thereby put at risk not only the safety of the two Corrections Officers but also the safety and security of the other inmates housed in the same Pod/cell block.

As a result of his disruptive and insubordinate behavior, the plaintiff was placed in disciplinary segregation for three weeks. Segregation whether for disciplinary or administrative reasons (e.g. protective segregation) necessarily results in the loss of certain privileges due to the nature of segregation in the Houston County Jail. Inmates placed in segregation, whether

disciplinary or administrative, receive the loss of similar privileges. The difference between administrative segregation and disciplinary segregation in the Houston County Jail is that inmates in disciplinary segregation also lose weekly general visitation privileges, loss of commissary privileges, loss of telephone privileges, loss of library privileges as well as the loss of the privilege to participate in other jail rehabilitative programs. Inmates in disciplinary segregation are permitted to practice his/her religion of choice, are provided necessary medical treatment, receive the same food as other inmates, are provided mail privileges and are provided other necessities provided to other inmates. Inmates in disciplinary segregation are also permitted visitation privileges with their lawyer(s) as are other inmates in the jail and are entitled to send and receive mail.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as **Exhibit D**, and is incorporated herein by reference

as if fully set forth.  A true and correct copy as kept in the ordinary course of the operation of the

Houston County Jail of Policy Number E-401 of the Houston County Jail Policy and Procedure

Directive relating to Inmate Grievances is attached hereto as **Exhibit E** and is incorporated herein

by reference as if fully set forth.

I am one of the custodians of the records maintained by the Houston County Jail. A true and

correct copy of the plaintiff's jail inmate file, relative to plaintiff's most recent time of incarceration

in the Houston County Jail, as maintained by the officers of the Houston County Jail in the ordinary

course of the Jail's day to day business is attached hereto as **Exhibit F**, and is incorporated herein

by reference as if fully set forth.  The plaintiff has had numerous other previous incarcerations that

do not relate to the situation made the basis of plaintiff's complaint.

_____
KEITH W. REED

STATE OF ALABAMA,

HOUSTON COUNTY.


Before me, the undersigned authority, personally appeared **Keith W. Reed**, who being sworn

by me according to law, deposes and states that the matters and things alleged in the above Affidavit

are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 4th day of April, 2008.

_____
NOTARY PUBLIC
My Commission Expires:     2-11-2012

# HOUSTON COUNTY SHERIFF'S DEPARTMENT
## JAIL DIVISON
### LAMAR GLOVER, SHERIFF

### INMATE RULES

Order is essential to the safe and secure operation of the jail. Inmate Rules describe the expected behavior of all inmates. Inmates found in violation of rules will be subject to disciplinary action or criminal action depending on the type of violation. Some rule violations will subject the inmate, if found guilty, to sanctions or restriction of privileges. All inmates found guilty of rule violations have a right to appeal. Appeals must be submitted within 24 hours after receiving the sanction or restriction.

### RULES

1.  Uniforms (jump suits) will be worn at all times when an inmate is outside his/her cell. The uniform must be worn with the wording "Houston County Jail" on the outside, and the uniform must be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. However, females must wear a bra under their T-shirts. No bare skin will be exposed.

2.  No foreign objects will be placed in the jail doors to keep the door open or prevent locking. All inmates housed in a cell will be required to keep the cell clean and free of debris.

3.  No paper products or any other type product will be placed over cell windows, vents, doors, cell lights or on walls.

4  No inmate will behave in any manner that is disrespectful to any Sheriff's Department personnel, visitors, or other inmates.

5.  No inmate will initiate any physical contact, assault or attempt to assault, nor perform any act that will endanger any Sheriff's Department personnel, or any other officer, inmate or visitor.

6.  No inmate will waste, abuse, damage, or steal county property or personal property belonging to another inmate.

7.  No inmate will incite any action that will threaten the safety or order of the jail.

8.  No inmate will commit any lewd or indecent sexual act or exhibitions.

901 East Main Street • Dothan, AL 36301
(334) 712-0762 • Fax (334) 671-9479



EXHIBIT

A

9.   No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

10.   Inmates must maintain their cells and common areas in a clean, sanitary, and orderly condition.

11.   No inmate will interfere with Sheriff's Department personnel, nor disobey an order or instructions given by Sheriff's Department personnel.

12.   No inmate will leave his/her authorized area.   Inmates must roll-in to their cells when told to do so.   Females must be seated on their bunk.

13.   Inmates must roll-in at all roll-in times.   Inmates assigned to day room access must be on their mattress at all roll-ins.

14.   No inmate will be allowed to wear a cap, scarf, hat, headrag, etc., or anything covering their hair or head.

15.   No inmate will touch or place any item on the sprinkler head in their cell.

16.   Inmates will not press the call buttons except in case of emergency.

17.   No inmate will pass any item from one pod to another.

18.   Inmates **must** wear identification arm band at all times.

## DAILY SCHEDULE

1.   Roll In/Roll Out times will be posted in the pod.

2.   Inmates will roll-in at shift change times for inmate count and any other time when called by the officers.

3.   Showers will be taken during the following hours:   1:00 P.M. - 2:30 P.M. and 3:30 P.M. - 8:30 P.M.

4.   Religious services will be held on nights scheduled by the Jail Commander.

5.   Meals will be served beginning at approximately the following times:    **Breakfast - 5:00 A.M.**
         **Lunch - 11:00 A.M.**
         **Supper - 5:00 P.M.**

Each inmate is responsible for getting their own tray.   Cups **will** be taken up after the supper meal and returned at the breakfast meal.

2

## PERSONAL ITEMS ALLOWED

### A.  Items Issued

Uniforms               Blanket
Mattress               Toothbrush
Mattress Cover         Comb
Laundry Bag            Soap
Towel                  Toilet Paper
Bath Cloth             Toothpaste

### B.  Clothing Allowed to be Brought Into the Facility

1.  Undergarments, 6 pair, white only
2.  Socks, white only, 6 pair
3.  T-shirts, (6) white only (no tank-tops or pockets)
4.  Sweatshirt, or thermal underwear, 1 each, elastic
    waistband, no pockets
5.  Shower shoes, 1 pair
6.  Tennis shoes, 1 pair, no shoestrings.  No boots, clogs
    or sandals - must be new
7.  Bras, 3, white, no underwire

### C.  Hygiene Products Allowed
### (One Each)

1.  Stick deodorant
2.  Bar soap (no liquid soap)
3.  Shampoo (clear plastic bottle)
4.  Hair grease/gel

All hygiene products must be the original container, clear
plastic and must have see-through contents and original
seal.  Never opened. (See Inmate Hygiene Policy page 10)

### D.  Other Items Allowed

1.  Legal papers
2.  Personal letters (Not to exceed 10 letters)
3.  Soft-back Bible
4.  2 legal pads, letter size, no wire binding
5.  25 envelopes with stamps
6.  2 pencils, lead
7.  2 pens (non-retractable, non-metal point, see-through)
    (no crayons, colored pencils, highlighters or
    markers allowed)

### E.  Commissary Purchases

1.  Weekend visitors whose name appears on an inmate's
    visitation list may deposit commissary money only into
    the inmate commissary fund of the inmate being visited.

2.  Cash money and only correct amount will be accepted.

**Coins will not be accepted.**

3. Only certified checks or money orders will be accepted through the mail.

4. Inmate workers assigned to outside duties will only be allowed to contribute to inmate workers fund on Saturdays and Sundays. Each inmate is allowed $25.00 per week or $5.00 per day. (Inmates are not permitted to have money in the pods or on their person.)

**F.    Acceptance of Personal Items**

The personal clothing worn by an inmate at booking, along with other personal items that are not considered contraband, will be stored in the property room and given back to the inmate at release. **The inmate must sign a property return receipt at release or transfer time.** If considered contraband, i.e., cigarettes, lighters, it will be destroyed after 3 days if not picked up by family members.

**G.    Television**

The televisions are provided in the facility for the convenience and entertainment of the inmate. The floor officer may change channels when he/she deems necessary. The television may be turned off or removed for disciplinary reasons at the discretion of the floor officer.

**H.    Cell Assignments and Institutional Living**

The inmate's cell assignment is the responsibility of the Records and Classification Division. Inmates must return to their assigned cells at all roll-in times.

**When the inmate leaves his/her cell for the dayroom, the bed must be made up neatly.**

Personal items must be stored in the drawer underneath the bunk. Items will not be stored underneath the mattress. Inmates must not alter or destroy any lights, walls, fixtures, or plumbing located in a cell. Inmates assigned to cells without a drawer may place their items neatly at the foot of the bunk.

**J.    Jail Library**

Library books are available once a week at the discretion of the Sergeant assigned library duty. Inmates may check out a maximum of two books per week.

**K.    Inmate Workers (Trustees)**

4

1.  Requirements for inmate workers:

    a.  Inmate must be convicted.
    b.  Inmate must not have a record of violence or
        sexual crimes or be a high risk.
    c.  All inmates must be medically approved.
    d.  The Jail Commander must approve all inmate workers.
    e.  Inmate must not be convicted of manufacturing or
        trafficking in drugs.

2.  Rules of inmate workers:

    a.  Inmate workers must perform work duties as
        assigned.
    b.  Workers must remain in work areas assigned and may
        be searched at any time.
    c.  Outside workers must inform control of their duties
        and location at all times.
    d.  Inmate workers must not enter control room or
        jailer's booth unless escorted.

## L.  Recreational Activities

Basketball goals have been installed in the recreation
areas, and their use is determined by the Sergeant on duty,
weather permitting.

## M.  Telephone Calls

1.  Inmates will not receive any telephone calls, nor will
    any messages be forwarded for calls.

2.  Legitimate emergency messages will be handled by the
    supervisor on duty.

3.  The jail personnel will only give out the charge,
    amount of bond, or sentence regarding an inmate.

4.  Inmates may make collect calls using the inmate
    telephone system located in the dayroom. These
    calls may be monitored or recorded.

5.  **Upon written request by inmate, the receptionist
    may call and leave a message for an attorney.**

6.  Inmates are not allowed to use a phone in the
    docket area except at the time of booking.

7.  Upon written request by an inmate, the docket officer
    will call a bonding company of the inmate's choice.

## N.  Visitor Information

1.  **The Houston County Jail is a non-contact visiting jail.**
    Only attorneys meeting in private conference with

inmate clients are allowed contact visits.

2. Inmates must complete a visitor list to see visitors. Visitors will not be allowed a visit if their name is not on the visiting cards, including children. Visiting list is restricted to only 8 names.

3. After 7 days, including entry day, the visitation list will not be changed, added to, or deleted, for a period of 60 days.

4. Visitors 16 years and older must present a current photo ID or driver's license before entry. Visitors under 16 years must have a social security card or a birth certificate, or be admitted at the discretion of the supervisor.

5. Only two (2) people, including children, will be allowed to visit per inmate. Visitors must come and leave together. **Split visitation is not allowed.**

6. For cause, the supervision of the jail may refuse an inmate's visitation privileges.

7. Visitor cards will be held by the visitation officer in the lobby. Times will be noted on the card.

8. Weekday visitation may be approved if **proper identification and proof of residency is presented. Weekday visits will only be approved if the visitor shows proof that their residence is a minimum of 100 miles from the Houston County Jail.** Out of town visits are for visitors who can not visit on regular visiting days and proof of the fact is presented. A visitor may not visit on the weekend and during the week day.

9. Inmates are not allowed visitors while serving time on lockdown or lock up time.

10. Visitors will be arrested and prosecuted for bringing or attempting to bring contraband into the jail.

11. Visitors will not wear mini skirts, shorts above the knee, halter tops, tank tops, spaghetti straps, strapless/slit dresses. No see-through clothing or low cut necklines will be worn. No visitor will wear any clothing that exposes the body to bare skin from the shoulders to the knees. Arms are excluded.

## VISITING SCHEDULE

SATURDAY:          8:00 AM to 10:30 AM
                   Pods M thru O, and female inmates,
                   trustees and weekend dorms

| | |
|---|---|
| SATURDAY: | 1:00 PM to 3:30 PM<br>Pods I, J, K, L, holding and Nursing |
| SUNDAY: | 8:00 AM to 10:30 AM<br>Pods A thru D |
| SUNDAY: | 1:00 PM to 3:30 PM<br>Pods E thru H |

## MAIL

1.  Letters will be inspected for contraband to ensure facility safety.

2.  No hand-delivered mail or packages will be accepted. Envelopes larger than 5X7 will not be accepted.

3.  Inmates may receive money orders through regular mail. The money order must be made payable to: **Inmate Drawing Account,** and **must include the inmate's name and inmate number.**

4.  **Mail received by the inmates will be documented, opened, and inspected before delivery to the inmate.** Legal mail received by the inmate will be opened by the officer in the presence of the inmate **but not read.**

5.  Outgoing mail will be taken up each morning by the corrections officer. Incoming mail will be delivered to the inmate daily.

6.  All incoming and outgoing mail must have the sender's **first** and **last name.** No nicknames will be accepted. The envelope must bear the sender's complete address.

EXAMPLE:   John Doe Pod A, B, C, D
     901 East Main Street
     Dothan, Alabama 36301

          Jane Doe Pod Location
          901 East Main Street
          Dothan, Alabama 36301

## LAW LIBRARY

The facility has a constitutionally accepted law library for inmate use. The inmate must submit a request to the sergeant on duty to visit the library. The sergeant will arrange for use of the library by pod designation. Inmates cannot remove any book from the library. The facility does not provide a librarian.

## LIVING AREA REQUIREMENTS

A.  Inmate towel and bath cloth must be hung on the foot of the bed and be centered. The towel will be hung first and the bath cloth hung neatly on the top of the towel.

B.  Shoes will be placed underneath the right side of the bunk at the foot of the bunk with toes turned out.

C.  The bunk will be neatly made.

D.  Bunks will be in compliance from 8:00 AM to 9:00 PM Monday through Friday.

E.  On Saturday and Sunday, bunks will be in compliance from 10:00 AM to 9:00 PM.

F.  No items will be stored underneath the bunk except shoes. The inmate must keep his area clean and clear of litter.

G.  No items of any kind will be placed or stored on the window sill of the cell.

## MEDICAL CARE

A.  Inmates are charged a co-pay for medical care at the jail. Inmate medical care is **not** free. Alabama law dictates that inmate medical service is free when the inmates "are unable to provide for themselves," (Code of Alabama 14-6-19).

B.  Inmate medical co-pay is taken from the inmate's commissary funds.

C.  The inmate will be charged a co-pay for each medical visit and each medical service based on the following fees:

| | |
|---|---|
| Hospital Visit | $20.00 |
| Doctor Visit | $20.00 |
| Practioner Visit | $20.00 |
| LPN Visit | $ 5.00 |
| EMT Visit | $ 2.00 |
| Lab/X-Ray | $20.00 |
| Prescription (each) | $10.00 |
| Non-Prescription (each) | $  .50 |
| Dental visit | $20.00 |

D.  Inmates who request medical clearance to perform trustee duties and then refuse to work will be charged $98.00, or actual cost, for their lab work.

E.  Inmates are not allowed to ask questions during medication pass.

F.  Med call is announced prior to the nurse arriving

in each area.  Any inmate not standing in line by
the door will forfeit their medication and be
noted as being absent.

## CHAPLAIN SERVICES

A.  The jail has a staff chaplain on part-time duty.
    However, a 24-hour call is maintained for inmates
    who request emergency service.

B.  Inmates **must** request chaplain service.  Inmate request
    forms may be obtained from the corrections officer on
    duty.

C.  Inmates who are members of an established religious
    body may be visited by the clergy of the religious
    body at times listed, Monday thru Friday, during the
    hours:  9:00 A.M. - 11:00 A.M.
            1:00 P.M. - 2:30 P.M.
            3:30 P.M. - 4:30 P.M.
    except during lock-up times or when the inmate is on
    disciplinary lockdown.  At the discretion of the
    supervisor on duty, inmates on disciplinary lockdown
    may be visited by clergy.

D.  Clergy must show proof that they are ministers of
    an established religious body of which the inmate
    desiring a visit is a declared member and complete a
    visitation form provided by the jail facility before
    they are allowed visitation.  Ministers are required
    to complete the visitation form only once.

E.  **Pastoral visits are discouraged on Saturdays and
    Sundays due to weekend visitation except during
    emergency situations.**

F.  Non-denominational services are held during the
    evenings on Monday, Tuesday, and Thursday, of
    each week.  Other services and classes are held
    at the discretion of the chaplain.

G.  Attendance at religious services is not mandatory
    for the inmate.  The privilege to attend religious
    services may be revoked by the supervisor on duty
    for misbehavior during the service or any violation
    of the inmate rules.

H.  Clergy who have family members that are incarcerated
    and a member of the clergy's religious body may visit
    the inmate once as clergy.  The remaining visits will
    be on regular visiting time assigned to the inmate.
    Clergy will be any minister employed by the established
    religious organization.

HOUSTON COUNTY JAIL
POLICY AND PROCEDURE DIRECTIVE

INMATE HYGIENE

Date Issued:  April 14, 2005
Date Effective:  April 24, 2005            Policy Number: E-303
Revision Date:  April 25, 2005

## POLICY:

In order to promote the institutional goals of health, cleanliness, safety and security in the Houston County Jail, it is the policy of the Houston County Jail that except as may otherwise be specifically provided for herein, all inmates, male and female, shall adhere to this policy. Male inmates shall have hair no longer than one inch from their scalp. Additionally, female inmates shall have hair no longer than collar length. There will be no special hairstyles permitted. Furthermore, there shall be no facial hair greater than one-quarter inch (1/4") in length and fingernails shall be clipped to the tip of the finger. Each inmate shall shower daily; this includes shampooing the hair and a change in clothes. Inmates in food service shall wear a clean set of whites daily.

## PROCEDURE:

During the initial booking process, inmates with a set bond, but who are otherwise incarcerated over night, are not subject to the haircut requirement, but they shall not refuse a bath using a delousing soap and shampoo if required by the jail staff. Any inmate booked into the jail without a set bond shall have to comply with all requirements of this policy during the initial booking phase.

A schedule for compliance with this policy shall be set from time to time by the Jail Commander or Jail Administrator.

In the event an inmate wishes to have their haircut shorter, they must fill out an inmate request form and return it to the appropriate staff.

In an additional effort to prevent the spread of infection to other inmates and employees, every cell and holding area, including dayrooms, must be decontaminated using germicidal agents and steam cleaning the showers, floors and walls. This procedure must be done a minimum of once a week for every space in the secure areas of the jail occupied by an inmate, including the docket. The mats used for sleeping must be sprayed with germicide **weekly**.

To ensure this policy is being followed, the ranking Sergeant will perform inspections as may be necessary. Any inmate in non-compliance with this policy is to be reported to the Jail Commander or Jail Administrator and shall be subject to appropriate disciplinary action.

10

## **GRIEVANCE PROCEDURE**

01.    In the event that an inmate has a grievance, this inmate will send a grievance form to the Senior Corrections Officer, who will investigate and answer the grievance, and will settle this issue.  If this is not possible, the Jail Commander may hold a formal hearing.

02.    The Senior Corrections Officer will hear all sides of the situation with a written statement or witnesses, as appropriate and render a decision.  This inmate will be informed of the decision in writing.  Actions taken will be documented.

Houston County Jail
Policy and Procedure Directive

# INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                              Policy Number: E-301

**POLICY:**

It is the policy of the Houston County Jail to advise inmates, in writing, of inmate rules and regulations.

**PROCEDURE:**

The jail will provide each inmate admitted to general population a copy of the inmate rules and regulations.

The inmate rules and regulations handout will be reviewed by the Jail Administrator and updated as necessary.


ACJS 13-001

**EXHIBIT**      **B**

Houston County Jail
Policy and Procedure Directive

# RECEIPT OF INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                           Policy Number: E-302

**POLICY:**

It is the policy of the Houston County Jail to inform all new inmates of the inmate rules and regulations.

**PROCEDURE:**

Prior to any inmate being placed in a regular housing unit of the jail, the jail will provide the inmate with a copy of the inmate rules and regulations.

If the inmate is unable to read the inmate rules and regulations, a jail officer will read them to him/her and document the event.  In reading the rules and regulations, the staff member will explain each rule and regulation and answer any questions the inmate may have about the rules and regulations.

The jail officer will complete the Rules and Regulations Receipt form advising the inmate that he/she will be required to abide by those rules and regulations while an inmate in the Houston County Jail.

The inmate will then be required to sign the receipt form.  If inmate refuses, the process will be documented and procedure continued.

The receipt form will be placed in the inmate's file.

**EXHIBIT**      C

# INMATE GRIEVANCE FORM

DATE:_____        INSTITUTION:_____

NAME:_____        INMATE NUMBER:_____

NATURE OF GRIEVANCE OR INFORMATION:
_____
_____
_____
_____
_____
_____
_____

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT ? _____
_____
_____
_____
_____
_____
_____

DATE HEARING:_____

COMMITTEE FINDING OR RESPONSE: _____
_____
_____
_____
_____

REFERRED TO:_____    POSITION: _____

CHAIRMAN:_____    MEMBER:_____

MEMBER: _____    WARDEN:_____

AGREE_____ DISAGREE:_____    (WITH COMMITTEE FINDINGS)

CHIEF WARDEN RESPONSE: _____
_____
_____
_____
_____

DATE GRIEVANCE FILED:_____    TIME FILED:_____

SHIFT COMMANDER:

**EXHIBIT**

**D**

Houston County Jail
Policy and Procedure Directive

# INMATE GRIEVANCES

Date Issued:  May 1, 1999                                    Policy Number: E-401

**POLICY:**

It is the policy of the Houston County Jail that inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.

**PROCEDURE:**

The Jail Administrator will devise a grievance form to be made available to all inmates on request.  Grievance forms will be limited to one (1) per day per inmate.

Completed grievance forms will be delivered to the Jail Administrator through an appointed grievance officer, who will respond to the grievance.

The grievance response to the inmate will be in writing.

The decision of the Jail Administrator may be appealed to the Sheriff or designee, within seventy-two (72) hours of the receipt of the grievance decision.

**EXHIBIT  E**

# HOUSTON COUNTY JAIL
## JAIL DOCKET CARD

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 35564 | Collins | William | Jabon | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| DPD | 2/26/07 | | | 2-6-08 | Kilby |

| RISK | STATUS | | | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|---|---|
| | State Inmate | | | A | | Hamlick | Summer |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 43 | 7-3-62 | 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 | B | M | 6'0" | 188 | BLK | BRO | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg   C-2 | Neg  J25 | Neg | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | 2/28/07 Will hire |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|---|
| 233 N. Oates St. | (334) 794.8631 | Dothan | AL 36303 | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Debbie Bradley | Same | | Same | Girlfriend |

Religion: None

**REMARKS:**

| DID INMATE RECEIVE PHONE CALL? (✓)Y  { }N | DID INMATE RECEIVE JAIL RULES? { }Y  { }N |
|---|---|
| INMATE SIGNATURE  X  William K. | INMATE SIGNATURE  X  William K. |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-782-2928

EXHIBIT

_ F _

| INMATE # | | NAME | | | | | |
|---|---|---|---|---|---|---|---|

| CHARGE _Burglary 2nd_ | | | WARRANT # 07-17297 | DC/TR 07-686 | INDICTMENT# 358 | CC/CS/DR 07-430 | CONVICTION 15 yrs |
|---|---|---|---|---|---|---|---|
| BOND 20,000 | ⊘ | | 4-11-07 @ 01:00pm | | _Indicted 4-10-07 JACKSON_ | | |

| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |

| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |

| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |

| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |

# HOUSTON COUNTY JAIL
## BOOKING CHECK OFF LIST

DATE: _2-26-01_   TIME: _1250_

SENIOR CORRECTIONS OFFICER(S) DUTY _Sgt Marsh + Sgt Brown_

Inmate Name: _Rollins, William Aaron_   Inmate Number: _35564_

**BOOKING OFFICER MUST INITIAL AFTER COMPLETING
EACH ITEM AND SIGN IN THE PROPER SPACE.**

1. All personal property secured
2. Check in-house warrants
3. Check for last incarceration
4. Arrest report completed by arresting officer
5. All charges listed on arrest report and bonds listed for each charge
6. **Bond amount noted on warrant**
7. All inmate property tagged/placed in envelope
8. Property envelope completely filled out/signed by inmate
9. All money counted/logged in money book
10. Money envelope completed/supervisor counts
11. SCO calls control and logs money in SCO money book
12. SCO seals money/places in box
13. **Check for outstanding warrants** _✓_ NCIC _✓_ Dothan
14. Inmate numbers properly assigned
15. Inmate recorded in black book
16. Inmate recorded on white pages
17. **Docket I.D., floor card completed, and bond amount verified on docket card**
18. Fingerprint card completed
19. Medical screen completed
20. Affidavit of hardship completed
21. Green disposition form completed (FBI)
22. Property hold form (telephone call, bond applied)
23. Fingerprinted/photographed/entered in computer
24. Property card completed
25. Visitor/Telephone list completed
26. Inmate handbook received
27. **Bond completed/amount checked against warrant**
28. **Correct court date noted on bond**
29. **Inmate and surety signature on bond**
30. **All pass on information documented in pass book**

_____
**Signature of Booking Officer(s)**

Southeastern Printers of Dothan, 334-792-2928

LEAVE BLANK          CRIMINAL

NFF SECOND

SUBMISSION     APPROXIMATE CLASS     AMPUTATION     SCAR

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**ROLLINS,WILLIAM AARON**

STATE USAGE

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.
**420865907**

LEAVE BLANK

X *[signature]*

ALIASES/MAIDEN

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH   MM   DD   YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---------|--------------------------|------------------------------|-----|------|--------|--------|------|------|
|         |                          | 19620703                     | M   | B    | 600    | 188    | BRO  | BLK  |

1. R. THUMB   2. R. INDEX   3. R. MIDDLE   4. R. RING   5. R. LITTLE

6. L. THUMB   7. L. INDEX   8. L. MIDDLE   9. L. RING   10. L. LITTLE

ID 50X50G8 TPFC #1107 03:11:18                    5701LD #1x 20070227 03:16

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY     L. THUMB     R. THUMB     RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

PRIVACY ACT OF _____ FOR LOCAL, STATE OR FEDERAL INDIVIDUAL _____ OTHER
SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT

| | | | |
|---|---|---|---|
| JUVENILE FINGERPRINT | DATE OF ARREST | ORI | |
| SUBMISSION          YES ☐ | MM   DD   YY | CONTRIBUTOR   AL0380000 | |
| | | ADDRESS   HOUSTON CO SD | |
| TREAT AS ADULT      YES ☐ | 20070226 | DOTHAN AL | |
| | | REPLY   YES ☐ DESIRED?   ☒ | |

| | | | |
|---|---|---|---|
| SEND COPY TO: (ENTER ORI) | DATE OF OFFENSE   MM   DD   YY | PLACE OF BIRTH (STATE OR COUNTRY) | COUNTRY OF CITIZENSHIP |
| | 20070226   AL | | US |

| | | | |
|---|---|---|---|
| MISCELLANEOUS NUMBERS | SCARS, MARKS, TATTOOS, AND AMPUTATIONS | | |

| | | CITY | STATE |
|---|---|---|---|
| | RESIDENCE/COMPLETE ADDRESS | | |
| | 733      N OATES ST | DOTHAN | AL |

| | | | |
|---|---|---|---|
| OFFICIAL TAKING FINGERPRINTS NAME OR NUMBER:   J25 TAMALIN SMITH | LOCAL IDENTIFICATION/REFERENCE   35564 | PHOTO AVAILABLE?   36303 ☒ | |
| | | PALM PRINTS TAKEN?   YES ☐ | |

| | |
|---|---|
| EMPLOYER:   IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY. IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO   ABLE BODY | OCCUPATION   LABORER |

| | |
|---|---|
| CHARGE/CITATION | DISPOSITION 1. |
| 20070226   2299 BURGL 2ND | |
| | 2. |
| | 3. |
| ADDITIONAL | ADDITIONAL |
| ADDITIONAL INFORMATION/BASIS FOR CAUTION | STATE BUREAU STAMP |

FD-249 (REV. 5-11-99)   GPO  U.S. GOVERNMENT PRINTING OFFICE: 2006-320-399/30106

```
                          HOUSTON COUNTY SHERIFFS OFFICE                      PAGE    1
02/06/2008      00:46:23        INMATE RELEASE SHEET
=================================================================================
BOOKING NO: 070000842

INMATE NAME: ROLLINS WILLIAM AARON
       ALIAS:                                      RACE: B       SEX: M
       ALIAS:                                        HT: 5'11"  HAIR: BLK
     ADDRESS: 733 N OATES ST                         WT: 168    EYES: BRO
 CITY/ST/ZIP: DOTHAN, AL 36301              COMPLEX:
  HOME PHONE: 334-794-8631                      SSN: 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
         DOB: 07/03/1962   AGE:  45          DL ST:              DLN:
  PLCE BIRTH: DOTHAN                             SID:
       STATE: AL                              LOCID: 35564
   M. STATUS: SINGLE
    RELIGION: NONE
  GANG ASSOC:
SCARS/TATTOOS: NONE
KNOWN ENEMIES:
     REMARKS:
------------------------------ NEXT OF KIN ---------------------------------
 NEXT OF KIN: DEBBIE BRADLEY           RELATIONSHIP: GIRLFRIEND
     ADDRESS: SAME                            PHONE: 334-794-8631
 CITY/ST/ZIP: DOTHAN, AL
     REMARKS:
----------------------------- EMPLOYER INFO --------------------------------
    EMPLOYED: Y
EMPLOYER NAME: ABLE BODY
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
------------------------------- MEDICAL ------------------------------------
  HANDICAPPED:      NEEDS:
     GLASSES: N    SMOKER: N
MEDICAL NEEDS: N    NEEDS: ALLERGIC TO PENICILLIN
   PHYSICIAN:                      PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
------------------------------- PROPERTY -----------------------------------
        CASH:      $00.00
 DESCRIPTION:
ADD. PROPERTY: SHIRT,PANTS,BELT,LIGHTER
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER:
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
=================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.
```

INMATE: X _W R_____    DATE: 2-6-08    TIME: 0745

BOOK OFFICER: _Hunter/Long_    DATE: 2-6-08    TIME: 0745

```
                              HOUSTON COUNTY SHERIFFS OFFICE
02/06/2008    00:46:23              INMATE RELEASE SHEET                   PAGE    2
=================================================================================
BOOKING NO: 070000842           INMATE NAME: ROLLINS WILLIAM AARON
=================================================================================
        COURT:                       ATTORNEY ON REC:
        JUDGE:                              PHONE: 000-000-0000
      REMARKS:
      REMARKS:
---------------------------------------------------------------------------------
     BOOK DATE: 02/26/2007  BOOK TIME: 12:50  BOOK TYPE: NORMAL

   ARREST DATE: 02/26/2007            BOOKING OFFICER: SMITH
   ARREST DEPT: DPD                   CELL ASSIGNMENT:
 ARRST OFFICER: SUMMER                      MEAL CODE: 01   HOUSTON COUNTY
 PROJ. RLSDATE: 00/00/0000                   FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR: CAINE                  CLASSIFICATION: HOUSTON
   TYPE SEARCH: PAT/STRIP                WORK RELEASE: N
 INTOX RESULTS:

         HOLDS: N
        AGENCY:                    REASON:
        AGENCY:                    REASON:
        AGENCY:                    REASON:
        AGENCY:                    REASON:

         NOTES:
         NOTES:
         NOTES:
=================================================================================
  RELEASE DATE: 02/06/2008  RELEASE TIME: 07:45   # DAYS SERVED:   346

RELEASE OFFICER: LONG/HUNTER
   RELEASE TYPE: KILBY
        REMARKS:
        REMARKS:
        REMARKS:
=================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X_____      DATE: 2-6-08   TIME: 0745

BOOK OFFICER: Hunter /Long    DATE: 2-6-08   TIME: 0745
```

```
                              HOUSTON COUNTY SHERIFFS OFFICE
02/06/2008     00:46:23         INMATE CHARGE SHEET                    PAGE      3
=================================================================================
BOOKING NO: 070000842        INMATE NAME: ROLLINS WILLIAM AARON
=================================================================================
   CHARGE NO:   1  DISPOSITION: SENTENCED           HOLD: N

ALA STATUTE: DC07-686              # OF COUNTS:    1
    OFFENSE: BURGLARY 2ND            WARRANT #: INDT #358
     CASE #: CC07-430
   BOND AMT:                              FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 12/18/2007          SENTENCE DATE: 11/06/2007
RELEASE DTE: 00/00/0000
ARREST DATE: 02/26/2007            ARST AGENCY: DPD
ARST OFFICR: SUMMER                     COUNTY: HOUSTON
      COURT: DISTRICT                     JUDGE: JACKSON
DEF ATTORNY: WILL HIRE ATTY        DIST ATTORNEY:
   COMMENTS: TO SERVE A 15 YR. SENTENCE IN ALABAMA DEPT. OF CORRECTIONS
   COMMENTS: PROB. HRNG. SET FOR THE ABOVE DATE AT 8:30 A.M.
   COMMENTS:
---------------------------------------------------------------------------------
```

Inmate Number ___95364___

HOUSTON COUNTY SHERRIFF'S DEPARTMENT
ANDY HUGHES, SHERIFF

VISITATION LIST

Last Name __Rollins__          First Name __William__

Pod Location ___A-Pod___       Date ___2-26-07___

VISITORS

| | | |
|---|---|---|
| Debbie Bradley Smith | | |
| Joyce Whiting | | |

| Only officers are to view or write on visitation registration below! | | | |
|---|---|---|---|
| Date/Time | Visitor's Name | Address | ID# |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

NOTE TO ALL INMATES:
This is a permanent visitation list. New lists will be issued every three (3) months.
**Names will not be added or deleted from this list.**
You are not allowed to have more than two (2) visitors per visitation day. Children, no matter what age, are counted as one (1) visitor. There are no exceptions to this rule.
Every visitor must have a valid ID in order to visit.
Anyone over the age of sixteen (16) must have valid picture ID in order to visit.
Children under the age of sixteen (16) may use a social security card or school ID card.

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M Signature ___William Rollins___          Date __2-26-07__

C/O Signature ___Smith___          Date __2-26-07__

HOUSTON COUNTY SHERIFFS OFFICE

INMATE INFORMATION SHEET                                Page      1

| BOOKING NO:    070000842 | LOCAL ID:   35564 |
| --- | --- |

Name    : ROLLINS WILLIAM AARON

Address: 733 N OATES ST

City    : DOTHAN          State: AL Zip: 36301

## Physical Description

Race  : **BLACK**              Hair : **BLACK**

Gender: **MALE**              Eyes: **BROWN**

Height: **5 ' 11 "**          Complexion:  **UNKNOWN**

Weight: **168**              DOB:  **07/03/1962**      Age: **44**

Scars/Tattoos:

## Personal Information

DL State :                  Home Phone:  **334 794 8631**

DL Number:                  Work Phone :

SSN:  **420 86 5907**

SID:

## Booking Information

Arrest Date: **02/26/2007**        Booking Officer: **SMITH**

Arrest Dept: **DPD**              Booking Date: **02/26/2007**

Arrest Offcr: **SUMMER**          Booking Time: **12:50**

Search Offcr: **CAINE**            Facility: **01**

Meal Code: **01**              Cell Assignment: **A-POD**

## Charge Information

| Offense | Fine | Bond | Disposition |
| --- | --- | --- | --- |
| **BURGLARY 2ND** | **$00.00** | **20,000** | **PENDING** |

Forward to Sgt. Davis - (Transfer)

**INMATE REQUEST FORM**

**INMATE NUMBER:** 35564    **INMATE NAME:** William Rollen

**DATE:** 1-20-08    **POD/CELL LOCATION:** N-14    **C/O RECEIVING:** Dykes

**TO: RECORDS & DOCKET / MEDICAL / COMMISSARY / SGT. ON DUTY / PROPERTY / CHAPLAIN**

**RECORDS / DOCKET (INFORMATION NEEDED):**

[ ] COURT DATE _____

[ ] JUDGE NAME _____

[ ] ATTORNEY NAME _____

[ ] ATTORNEY ADDRESS _____

[ ] CITY / STATE / ZIP _____

[ ] ATTORNEY PHONE # _____

[ ] CASE NUMBER(S) _____

- I need to be put in for "immediate transfer" to Kilby Correctional

* (Clerk delayed sending you a transcript)

**COMMISSARY (INFORMATION NEEDED):**

[ ] ACCOUNT BALANCE _____

[ ] ACCOUNT SUMMARY _____

[ ] AMOUNT OWED TO MEDICAL _____

[ ] OTHER INFORMATION _____

_____

**TELEPHONE SERVICES:**

[ ] RESET GREETING _____

[ ] CLEAR PAN NUMBERS _____

[ ] NUMBER NOT WORKING PROPERLY

ACTION TAKEN: _____

**MEDICAL SERVICES: (BE SPECIFIC)**

_____

_____

_____

**PROPERTY SERVICES: (BE SPECIFIC)**

_____

_____

**CHAPLAIN SERVICES: (BE SPECIFIC)**

_____

_____

_____

_____

**OTHER SERVICES NEEDED: CIRCLE**

**FINGERNAIL CLIPPERS**

**LAW LIBRARY**

**APPLYING FOR INMATE WORKER STATUS**

OTHER: Sgt Davis - this record needs "prompt" response! Thank you

**ADDITIONAL ACTION TAKEN:** _____

_____

_____

_____

① Records Clerk C.O. Snell

# INMATE REQUEST FORM

**INMATE NUMBER:** 35564          **INMATE NAME:** William Pollins

**DATE:** 1-19-08  **POD/CELL LOCATION:** N          **C/O RECEIVING:** Hamilton

**TO:** RECORDS & DOCKET / MEDICAL / COMMISSARY / SGT. ON DUTY / PROPERTY / CHAPLAIN

**RECORDS / DOCKET (INFORMATION NEEDED):**

[ ] COURT DATE  _____

[ ] JUDGE NAME  _____

[ ] ATTORNEY NAME  _____

[ ] ATTORNEY ADDRESS  _____

[ ] CITY / STATE / ZIP  _____

[ ] ATTORNEY PHONE #  _____

[ ] CASE NUMBER(S)  → 07-430

☒ I need a copy of the
"penitentiary transcript" sent
by the court on (1-7-08) (advised)

**MEDICAL SERVICES: (BE SPECIFIC)**

_____
_____
_____

**CHAPLAIN SERVICES: (BE SPECIFIC)**

_____
_____
_____

**ADDITIONAL ACTION TAKEN:** _____
_____
_____
_____

**COMMISSARY (INFORMATION NEEDED):**

[ ] ACCOUNT BALANCE  _____

[ ] ACCOUNT SUMMARY  _____

[ ] AMOUNT OWED TO MEDICAL  _____

[ ] OTHER INFORMATION  _____

_____

**TELEPHONE SERVICES:**

[ ] RESET GREETING  _____

[ ] CLEAR PAN NUMBERS  _____

[ ] NUMBER NOT WORKING PROPERLY

ACTION TAKEN: _____

**PROPERTY SERVICES: (BE SPECIFIC)**

_____
_____
_____

**OTHER SERVICES NEEDED: CIRCLE**

**FINGERNAIL CLIPPERS**

**LAW LIBRARY**

**APPLYING FOR INMATE WORKER STATUS**

**OTHER:** _____

_____

Inmate Number_____

## HOUSTON COUNTY SHERIFF'S DEPARTMENT
## ANDY HUGHES, SHERIFF
## INMATE VISITATION LIST

Last name ___Rollins_____     First name ___William_____

Pod Location ___N_____     Date ___1-18-08_____

**NOTE TO ALL INMATES:** This is a permanent visitation list. New lists will be issued every three (3) months. **NAMES WILL NOT BE ADDED OR DELETED FROM THIS LIST.** You are not allowed to have more than two (2) visitors per visitation day. Children, no matter what age, are counted as one (1) visitor. There are no exceptions to this rule. **EVERY** visitor must have a valid ID in order to visit. Anyone over the age of sixteen (16) must have a valid picture ID, in order to visit. Children under the age of (16) may use a social security card or school ID card. In order for you to receive a ministerial visit, you must list your minister's name below.

### VISITOR NAMES

| | | | |
|---|---|---|---|
| none | | | |
| | | | |

(OPTIONAL)                                   (MANDATORY FOR MINISTERIAL VISIT)
Religious/Church Preference_____     Preferred Clergy_____

**ONLY OFFICERS ARE TO VIEW OR WRITE ON VISITATION REGISTRATION BELOW!!**

| DATE | VISITOR'S NAME | ADDRESS | ID# |
|---|---|---|---|
| 1-20 to 2-10-08 | Lockdown | — | — |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M Signature_____     C/O Signature_____

CBR71673   355664   ALABAMA DEPARTMENT OF CORRECTIONS   INST: 235
INMATE SUMMARY AS OF 01/14/2008   CODE: CIADM

AIS: 001619623   INMATE: ROLLINS, WILLIAM AARON   RACE: B   SEX: M

INST: 235 @ HOUSTON   DORM: 00   JAIL CR: 000Y 09M 28D

DOB: 07/03/1962   SSN: 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

ALIAS: FOSTER, BILLY   ALIAS: ROLLINS, W AARRON

ALIAS: ROLLINS, W ARON   ALIAS: ROLLINS, WILLIAM

ALIAS: ROLLINS, WILLIAM A   ALIAS: ROLLINS, WILLIAM AAR

ADM DT: 12/18/2007 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF   STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: OTW-2   CURRENT CUST DT: 12/18/2007   PAROLE REVIEW DATE: ~ NONE ~

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS I   CURRENT CLASS DATE:   12/22/2007
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

COUNTY      SENT DT   CASE NO   CRIME                          JL-CR     TERM
HOUSTON     12/18/07  N07000430 BURGLARY III                  0296    015Y 00M 00D CS
            ATTORNEY FEES : $000000     HABITUAL OFFENDER : Y
            COURT COSTS   : $000361     FINES : $0001500   RESTITUTION : $0001500

 TOTAL TERM       MIN REL DT      GOOD TIME BAL      GOOD TIME REV      LONG DATE
015Y 00M 00D     01/07/2012      000Y 02M 00D       000Y 00M 00D      02/21/2022

INMATE LITERAL:

DETAINER WARRANTS SUMMARY
   INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

ESCAPEE-PAROLE SUMMARY

   INMATE CURRENTLY HAS NO PAROLE RECORDS

   INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

   INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
   SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

DISCIPLINARY/CITATION SUMMARY

   INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

*Please respond ASAP*

BARNES

# INMATE REQUEST FORM

INMATE NUMBER: 35564        INMATE NAME: William Rollins

DATE: 1-13-08   POD/CELL LOCATION: G-7    C/O RECEIVING: BARNES

TO: RECORDS & DOCKET / MEDICAL / COMMISSARY / SGT. ON DUTY / PROPERTY / CHAPLAIN

**RECORDS / DOCKET (INFORMATION NEEDED):**

[ ] COURT DATE _____

[ ] JUDGE NAME _____

[ ] ATTORNEY NAME _____

[ ] ATTORNEY ADDRESS _____

[ ] CITY / STATE / ZIP _____

[ ] ATTORNEY PHONE # _____

[ ] CASE NUMBER(S) _____

_____

_____

_____

**MEDICAL SERVICES: (BE SPECIFIC)**

_____

_____

**CHAPLAIN SERVICES: (BE SPECIFIC)**

_____

_____

_____

_____

**ADDITIONAL ACTION TAKEN:** _____

Sent to prison 2-5-08

**COMMISSARY (INFORMATION NEEDED):**

[ ] ACCOUNT BALANCE _____

[ ] ACCOUNT SUMMARY _____

[ ] AMOUNT OWED TO MEDICAL _____

[✓] OTHER INFORMATION  Copy of
*DOC(property allowed) transfer form.

**TELEPHONE SERVICES:**

[ ] RESET GREETING _____

[ ] CLEAR PAN NUMBERS _____

[ ] NUMBER NOT WORKING PROPERLY

ACTION TAKEN: _____

**PROPERTY SERVICES: (BE SPECIFIC)**

_____

_____

**OTHER SERVICES NEEDED: CIRCLE**

**FINGERNAIL CLIPPERS**

**LAW LIBRARY**

**APPLYING FOR INMATE WORKER STATUS**

**OTHER:** _____

_____

DATE APPEAL SENT: _____1/10/2008_____

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME: William Rollins          HCJ#: 35564   POD: G-7

Date filing appeal: 1-11-08

On 1-9-08 2008, an Inmate Sanction/Restriction was written by Officer _____Trawick_____

Charging inmate _Rolline_ , with a violation of Houston County Jail Rules and Regulations # __4__

Uniforms shall be worn at all times when an inmate is outside his/her cell.

The circumstances of the violations are: Rolline was said to be seen by officers Kersey & Trawick walking with his whites on from the shower.

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 21 days lock down.

I wish to appeal the decision because: At that time I was directly in route to my cell so that I could turn in my oranges because the laundry was being taken to be cleaned (I made the effort to be responsible

*********DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY***************

On the __15__ day of ___Jan___ , 2008, an appeal of the Sanction/Restriction taken

against inmate Rollins _____ was reviewed by Cmdr. Reed _____ , and

the following action was taken:

APPEAL APPROVED        (APPEAL DISAPPROVED)        OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal: You were in violation of inmate rules.

_____

_____

_____

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate

on the __15__ day of ___Jan___ , 2008.

_____
Officer Signature                    INMATE SERVED COPY-YES

*Rel to Kilby 1/6/08 KT*

## Inmate Sanction/Restriction Documentation

Inmate Number: **35564**   Inmate Name: **Rollins William**
                                        ( LAST )        (FIRST)

Date: **1-9-08**   POD: **G**   Pod/Cell Inmate moved to (If Applicable): _____

| Type of Restriction/Sanction: | Date to Begin | Date to End |
|---|---|---|
| _____ WKS ( ) Suspension of Commissary Privileges | _____ to | _____ |
| _____ WKS ( ) Loss of Visitation Privileges | _____ to | _____ |
| ( ) Minimum 72 Hours Cell Restriction | _____ to | _____ |
| **21** DAYS (x) **Lockdown** | **1-20-08** to | **2-10-08** |

Note: The Sgt. must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| *Tramel* | *Sgt. Wilder 1/6/08* |

At Appox 1856 I/m Rollins William was walking up the stairs in his whites from taking a shower, Sgt Kinsey Kinksey and me seen I/m Rollins, William walking up the stairs.

Violation of Rule #1—Uniforms (jumpsuits) shall be worn at all times when an inmate is outside of his/her cell. The uniform shall be worn with the wording "Houston County Jail" on the outside and the uniform shall be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. Females shall wear a bra under their T-shirts. No bare skin will be exposed.

Revised 10 / 2007
Keith Reed / Jail Commander

Signature of Sgt.
*C. Wilder*

355 69

HCJAIL

ACR359

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2007 000430.00 01
SIDNEY E. JACKSON

01-07-08 ovs

```
CIRCUIT COURT OF HOUSTON COUNTY                   COURT ORI: 038015 J

STATE OF ALABAMA      VS.                 DC NO: DC 2007 000686.00
ROLLINS WILLIAM AARON      ALIAS:         G J:   358-03/07
733 N OATES UNIT #41       ALIAS:         SSN:   420865907
DOTHAN  AL  36303                         SID:   000000000
                                          AIS:   000000

DOB: 07/03/1962  SEX: M  HT: 6 11  WT: 188  HAIR: BLK  EYE: BRO
RACE: ( )W (X)B ( )O  COMPLEXION:        AGE:       FEATURES:

DATE OFFENSE: 02/24/2007  ARREST DATE: 02/26/2007  ARREST ORI: 0380100

CHARGES @ CONV    CITES          CT CL COURT ACTION           CA DATE
BURGLARY 3RD DEGRE 13A-007-007   01 C  GUILTY PLEA            11/06/2007
                                 00                           00/00/0000
                                 00                           00/00/0000

JUDGE: SIDNEY E. JACKSON             PROSECUTOR: VALESKA DOUGLAS A

PROBATION APPLIED   GRANTED  DATE      REARRESTED DATE  REVOKED  DATE
( )Y( )N            ( )Y( )N           ( )Y( )N         ( )Y( )N _____

15-18-8  CODE OF ALA 1975     IMPOSED      SUSPENDED    TOTAL     JAIL CREDIT
( )Y (X)N  CONFINEMENT: 15 00 000  00 00 000  15 00 000  00 00 296
           PROBATION  : 00 00 000  00 00 000
DATE SENTENCED: 11/06/2007    SENTENCE BEGINS: 12/18/2007
```

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| PENITENTIARY | RESTITUTION | $0.00 | $0.00 |
| HABITUAL OFDR | ATTORNEY FEE | $750.00 | $750.00 |
| | CRIME VICTIMS | $750.00 | $750.00 |
| | COST | $361.00 | $361.00 |
| | FINE | $1500.00 | $1500.00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | DA FEES | $0.00 | $0.00 |
| | COLLECTION ACCT | $0.00 | $0.00 |
| | JAIL FEES | $0.00 | $0.00 |
| | TOTAL | $3361.00 | $3361.00 |

```
APPEAL DATE       SUSPENDED        AFFIRMED          REARREST
( )Y( )N          ( )Y( )N ____    ( )Y( )N ____     ( )Y( )N
```

REMARKS:

THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTED
FROM OFFICIAL COURT RECORDS
AND IS TRUE AND CORRECT.

12/18/07 PROBATION DENIED, DEFT SENT TO CUSTODY OF AL DEPT
OF CORRECTIONS

COPY

CARLA WOODALL

01/07/2008

OPERATOR: KIF
PREPARED: 01/07/2008

# INMATE REQUEST FORM

INMATE NUMBER: _____   INMATE NAME: _____

DATE: _____   POD/CELL LOCATION: _____   C/O RECEIVING: _____

TO: RECORDS & DOCKET / MEDICAL / COMMISSARY / SGT. ON DUTY / PROPERTY / CHAPLAIN

### RECORDS / DOCKET (INFORMATION NEEDED):

[  ] COURT DATE _____

[  ] JUDGE NAME _____

[  ] ATTORNEY NAME _____

[  ] ATTORNEY ADDRESS _____

[  ] CITY / STATE / ZIP _____

[  ] ATTORNEY PHONE # _____

[  ] CASE NUMBER(S) _____

_____

_____

_____

### MEDICAL SERVICES: (BE SPECIFIC)

_____

_____

### CHAPLAIN SERVICES: (BE SPECIFIC)

_____

_____

_____

_____

### COMMISSARY (INFORMATION NEEDED):

[  ] ACCOUNT BALANCE _____

[  ] ACCOUNT SUMMARY _____

[  ] AMOUNT OWED TO MEDICAL _____

[  ] OTHER INFORMATION _____

_____

### TELEPHONE SERVICES:

[  ] RESET GREETING _____

[  ] CLEAR PAN NUMBERS _____

[  ] NUMBER NOT WORKING PROPERLY

ACTION TAKEN: _____

### PROPERTY SERVICES: (BE SPECIFIC)

_____

_____

_____

### OTHER SERVICES NEEDED: CIRCLE

FINGERNAIL CLIPPERS

LAW LIBRARY

APPLYING FOR INMATE WORKER STATUS

OTHER: _____

ADDITIONAL ACTION TAKEN: _____

_____

_____

_____

_____

## INMATE REQUEST FORM

INMATE NUMBER: 35564          INMATE NAME: William Rollins

DATE: 12-14-07   POD/CELL LOCATION: G-7   C/O RECEIVING: Russell

TO: RECORDS & DOCKET / MEDICAL / (COMMISSARY) / (SGT. ON DUTY) / PROPERTY / (CHAPLAIN)

### RECORDS / DOCKET (INFORMATION NEEDED):

[ ] COURT DATE _____

[ ] JUDGE NAME _____

[ ] ATTORNEY NAME _____

[ ] ATTORNEY ADDRESS _____

[ ] CITY / STATE / ZIP _____

[ ] ATTORNEY PHONE # _____

[ ] CASE NUMBER(S) _____

_____

_____

_____

### MEDICAL SERVICES: (BE SPECIFIC)

_____

_____

_____

### CHAPLAIN SERVICES: (BE SPECIFIC)

I want copies of (1) new
edition of "Our Daily Bread
(2) "From Faith to Faith"

_____

_____

### COMMISSARY (INFORMATION NEEDED):

[ ] ACCOUNT BALANCE _____

[ ] ACCOUNT SUMMARY— Sept 12/18/07

[✓] AMOUNT OWED TO MEDICAL $154 tw

[ ] OTHER INFORMATION _____

_____

### TELEPHONE SERVICES:

[ ] RESET GREETING _____

[ ] CLEAR PAN NUMBERS _____

[ ] NUMBER NOT WORKING PROPERLY

ACTION TAKEN: _____

### PROPERTY SERVICES: (BE SPECIFIC)

I need a face cloth lotion
soap, + shampoo

OTHER SERVICES NEEDED: CIRCLE

FINGERNAIL CLIPPERS

(LAW LIBRARY)

APPLYING FOR INMATE WORKER STATUS

OTHER: _____

_____

ADDITIONAL ACTION TAKEN: _____

_____

_____

_____

_____

**INMATE REQUEST FORM**

INMATE NUMBER: 35564          INMATE NAME: William Rollin

DATE: 12-10-07   POD/CELL LOCATION: C-7   C/O RECEIVING: Long

TO: (RECORDS) & DOCKET / MEDICAL / COMMISSARY / SGT. ON DUTY / PROPERTY / CHAPLAIN

### RECORDS / DOCKET (INFORMATION NEEDED):

[ ] COURT DATE _____

[ ] JUDGE NAME _____

[ ] ATTORNEY NAME _____

[ ] ATTORNEY ADDRESS - void -

[ ] CITY / STATE / ZIP _____

[ ] ATTORNEY PHONE # _____

[✓] CASE NUMBER(S)  A complete
transcript summary of
all filings came in my file

### COMMISSARY (INFORMATION NEEDED):

[ ] ACCOUNT BALANCE _____

[ ] ACCOUNT SUMMARY _____

[ ] AMOUNT OWED TO MEDICAL _____

[ ] OTHER INFORMATION _____

_____

### TELEPHONE SERVICES:

[ ] RESET GREETING _____

[ ] CLEAR PAN NUMBERS _____

[ ] NUMBER NOT WORKING PROPERLY

ACTION TAKEN: _____

### MEDICAL SERVICES: (BE SPECIFIC)

_____
_____
_____

### PROPERTY SERVICES: (BE SPECIFIC)

_____
_____
_____

### CHAPLAIN SERVICES: (BE SPECIFIC)

_____
_____
_____

### OTHER SERVICES NEEDED: CIRCLE

FINGERNAIL CLIPPERS

LAW LIBRARY

APPLYING FOR INMATE WORKER STATUS

OTHER: _____

ADDITIONAL ACTION TAKEN: 12/11/07 You need to write to the
Circuit Clerk's. Sgt Paul
W. K

# INMATE REQUEST FORM

INMATE NUMBER: ~~35564~~          INMATE NAME: William Rollins

DATE: 12-8-07     POD/CELL LOCATION: G-7     C/O RECEIVING: _____

TO: **RECORDS & DOCKET** / MEDICAL / COMMISSARY / **SGT. ON DUTY** / **PROPERTY** / **CHAPLAIN**

## RECORDS / DOCKET (INFORMATION NEEDED):

[✓] COURT DATE _____

[ ] JUDGE NAME _____

[ ] ATTORNEY NAME _____

[ ] ATTORNEY ADDRESS _____

[ ] CITY / STATE / ZIP _____

[ ] ATTORNEY PHONE # _____

[ ] CASE NUMBER(S) _____

✱ I need to know my probation
hearing date and the judge
that will be presiding

## MEDICAL SERVICES: (BE SPECIFIC)

_____

_____

## COMMISSARY (INFORMATION NEEDED):

[ ] ACCOUNT BALANCE _____

[ ] ACCOUNT SUMMARY _____

[ ] AMOUNT OWED TO MEDICAL _____

[ ] OTHER INFORMATION _____

_____

## TELEPHONE SERVICES:

[ ] RESET GREETING _____

[ ] CLEAR PAN NUMBERS _____

[ ] NUMBER NOT WORKING PROPERLY

ACTION TAKEN: _____

## PROPERTY SERVICES: (BE SPECIFIC)

✱ Laundry: I need some
shampoo + face cloth

_____

## CHAPLAIN SERVICES: (BE SPECIFIC)

✓_____ I need to talk to
the chaplain about information
concerning an in-house
program. 12/10/07 On list
for Chaplain's visit this week.

## OTHER SERVICES NEEDED: CIRCLE

**FINGERNAIL CLIPPERS**

**LAW LIBRARY**

**APPLYING FOR INMATE WORKER STATUS**

OTHER: _____

_____

## ADDITIONAL ACTION TAKEN: _____

_____

_____

_____

_____

**INMATE NUMBER:** 35364

**INMATE NAME:** William Rollins

**DATE:** 12-1-07    **POD/CELL LOCATION:** G-7    **C/O RECEIVING:** CHAMPION

**TO:** RECORDS & DOCKET / MEDICAL / COMMISSARY / SGT. ON DUTY / PROPERTY / CHAPLAIN

**RECORDS / DOCKET (INFORMATION NEEDED):**

- [✓] COURT DATE    12/3/07 No longer send
- [ ] JUDGE NAME    _____
- [ ] ATTORNEY NAME    _____
- [✓] ATTORNEY ADDRESS    Atty Dustin Fowler
- [ ] CITY / STATE / ZIP    _____
- [✓] ATTORNEY PHONE #    " "
- [ ] CASE NUMBER(S)    _____

I need to know my next
court date.

**② MEDICAL SERVICES: (BE SPECIFIC)**
I need some Hydrocortizone
Cream 1% packs for skin
rashes

**CHAPLAIN SERVICES: (BE SPECIFIC)**
_____
_____
_____
_____

**ADDITIONAL ACTION TAKEN:** _____
_____
_____
_____

**COMMISSARY (INFORMATION NEEDED):**

- [ ] ACCOUNT BALANCE $0
- [✓] ACCOUNT SUMMARY 12-5-07 TW
- [✓] AMOUNT OWED TO MEDICAL $15441
- [ ] OTHER INFORMATION _____
    _____

**TELEPHONE SERVICES:**

- [ ] RESET GREETING _____
- [ ] CLEAR PAN NUMBERS _____
- [ ] NUMBER NOT WORKING PROPERLY

ACTION TAKEN: _____

**PROPERTY SERVICES: (BE SPECIFIC)**
_____
_____
_____

**④ OTHER SERVICES NEEDED: CIRCLE**

FINGERNAIL CLIPPERS  added to list
LAW LIBRARY  (this week) 12-5-07 KT

APPLYING FOR INMATE WORKER STATUS

OTHER: Laundry Officer:
I need a face cloth and
some shampoo + deodorant
r (indigent package)

DATE APPEAL SENT: _____ 11/26/2007

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME: William Rolling     HCJ#: 3554     POD: G-7

Date filing appeal: 11-27-07 Willie Paul #1251

On 11-25-07 2007, an Inmate Sanction/Restriction was written by Officer Morris/Kersey

Charging inmate Rolling , with a violation of Houston County Jail Rules and Regulations # _____

Section E - On Sat. and Sunday Bunks will be in compliance from 10:00 AM until 9:00 AM

The circumstances of the violations are: Section E on Sunday bedcheck was mad. in G Pod and inmate Rolling was given a sanction

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 21 days lockdown 11-29-07 - 12-20-07

I wish to appeal the decision because: I was assigned to Cell-7 but I didn't have the bottom bunk originally. My cellmate Willie Paul has the bottom bunk and was in the cell at the time. The

*********DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY**************

On the 28th day of November , 2007, an appeal of the Sanction/Restriction taken

against inmate William Collins was reviewed by Sgt Saltmann , and

the following action was taken:

( APPEAL APPROVED )     APPEAL DISAPPROVED          OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal: IM Collins, it was verified

that IM Willie Paul was the inmate

that didn't have his bed made

*********************************************************************************************

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate

on the 28 day of NOV , 2007.

_____     INMATE SERVED COPY-YES
Officer Signature

CO. Martin & Sgt Kirby

1) My cellmate has a bottom bunk profile and was awake the whole time while his mattress was made as specified in the handbook.

2) No announcement was made before hand advising each Pod in A-H of the bedcheck.

3) We (the inmates) have no way of being advised of these rules because no memorendum has been placed within the Pods for the security and benifit of each of the inmates (including me and my cellmate)

(4.) I would like this sanction to be dismissed because the whole situation was not excessive enough to have lockdown restrictions for neither one of us nor does the it provide a basis toward relief of a means to adequately communicate this type of institutional policy. We need to be briefed throughly not secondhandly when it comes down to privileges and policies.

(5) P.S. Sgt Turner advised me to address this sanction to her which would explain the exact circumstances and my cellmate takes responsibility for our actions and I also am obligated to appealling these accusations.

**INMATE REQUEST FORM**

Date: 12-1-07

To: Sgt on Duty

From: William Rollins

INMATES # 35564 G-7

C/O SIGNATURE CHAMPION

SR C/O SIGNATURE

NATURE OF REQUEST  I would like to go to the Law Library

ACTION TAKEN  Done 12-04-07

X  W. Rollins

---

**INMATE REQUEST FORM**

Date: 11-24-07

To: Sgt on Duty

From: William Rollins

INMATES # 35564-G-7

C/O SIGNATURE Cary

SR C/O SIGNATURE BR

NATURE OF REQUEST  I would like to go to the Law Library

Done on 11-27-07

ACTION TAKEN  X  W. Roll

**INMATE REQUEST FORM**

(G)

Date: 11-16-07

To: Sgt on Duty

From: William Rollins

INMATES # 355?4 - G - ?

C/O SIGNATURE Dykes

SR C/O SIGNATURE BR

NATURE OF REQUEST I would like to go to the Law Library

Done on 11-20-07

ACTION TAKEN

X  W Rollins

---

**INMATE REQUEST FORM**

Date: 11-3-07

To: Sgt on Duty

From: William Rollins

INMATES # 355?4 - G - Floor

C/O SIGNATURE CM

SR C/O SIGNATURE Jones

NATURE OF REQUEST I would like to go to the Law Library

ACTION TAKEN Done on 11-06-07

X  Wm Rollins

# INMATE REQUEST FORM

Date: 10-5-07

Ⓐ

To: Sgt on Duty 1st shift

From: William Rollins

INMATES # 35564 - Ft-Floor

C/O SIGNATURE _____

SR C/O SIGNATURE _____

NATURE OF REQUEST  I would like to go to the Law Library

Done on 10-08-07

ACTION TAKEN _____ W Rawlin

---

# INMATE REQUEST FORM

Date: 10-1-07

To: Docking

From: William Rollins

INMATES # 35564 - H-Floor

C/O SIGNATURE HAmilton

SR C/O SIGNATURE _____

NATURE OF REQUEST  I would like to know if there are any "hold's" showing in the computer data summary on me and I need to know my next court date (#07-430). Also I need to know is there any record of a public defender being newly appointed to me on the dates between 9-5-07 - 9-30-07.

ACTION TAKEN  10/5/07  No holds showing at this time.
11-6-07 @ 830 set(?) subject to change without notice.

WR

## INMATE REQUEST FORM

Date: 9-15-07                              INMATES # 35564-J-5

To: Sgt on Duty                            C/O SIGNATURE X/cgh

From: William Rollin                       SR C/O SIGNATURE

**NATURE OF REQUEST** I have been taken off segregated lockdown
and I want my privilege of being allowed to go
to the law library reinstated. I need access to
the library to do legal work referenced by the State's Attorney
Office.

**ACTION TAKEN** Moved to I-6  Thank you

---

## INMATE REQUEST FORM

Date: 9-8-07                               INMATES # 35564 J-5

To: C/O Jones                              C/O SIGNATURE

From: William Rollin                       SR C/O SIGNATURE

**NATURE OF REQUEST** I need a face cloth + towel

**ACTION TAKEN** 9-10-07
Sent replacement washcloth + towel today; I/m
charged a total of $3.00 for them.
                                           WRol

**INMATE REQUEST FORM**

Date: 8-31-07

INMATES # J-5 35564

To: Corr. Jones Laundry

C/O SIGNATURE Fortson

From: William Rollins

SR C/O SIGNATURE

NATURE OF REQUEST   I need a face cloth and towel

ACTION TAKEN

---

**INMATE REQUEST FORM**

Date: 8-28-07

INMATES # 35564-J-5

To: Sgt or Rudy

C/O SIGNATURE Cary

From: William Rollins

SR C/O SIGNATURE

NATURE OF REQUEST   I would like to go to the Law Library

ACTION TAKEN   On lockdown 8/28/07

# INMATE REQUEST FORM

Date: 6-2-07

To: Sgt. on Duty

From: William Rollins

INMATES # 35514-B

C/O SIGNATURE _____

SR C/O SIGNATURE _____ BR

**NATURE OF REQUEST** I would like to go to Law Library

Done on 6-4-07

**ACTION TAKEN** X WR

# Inmate Sanction/Restriction Documentation

Inmate Number: __35564__     Inmate Name: __Rollins__ __William__
                                                   ( LAST )        (FIRST)

Date: __11-25-07__     POD: __6-7 BHm__     Pod/Cell Inmate moved to (If Applicable): _____

| Type of Restriction/Sanction: | Date to Begin | Date to End |
|---|---|---|
| ____ WKS ( )  **Suspension of Commissary Privileges** | _____ to | _____ |
| ____ WKS ( )  **Loss of Visitation Privileges** | _____ to | _____ |
| ____ DAYS ( )  **Minimum 72 Hours Cell Restriction** | _____ to | _____ |
| Other   X) _21 days lockdown_ | _11-29-07_ to | _12-20-07_ |

Note: The Sgt. must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| **Officer Requesting Sanction/Restriction** | **Officer Authorizing Sanction/Restriction** |
|---|---|
| _Morris / Kirksey_ | _Sgt. Oliver_ 11/26/07 |

While performing cell checks between 8:30 a.m. and 9:30 a.m., the above named inmate was found to be out of compliance with the Living Area Requirements.

Violation of Living Area Requirements;Section D--Bunks will be in compliance from 8:00 a.m. until 9:00 p.m. Monday through Friday.

Section E--On Saturday & Sunday, bunks will be in compliance from 10:00 a.m. until 9:00 p.m.

Revised 10 / 2007
Keith Reed / Jail Commander

Signature of Sgt. /Asco

_Sgt. C. Buckman_

B558

| State of Alabama<br>Unified Judicial System<br>Form CR-50    Rev. 6/07 | **ORDER OF PROBATION** | Case Number<br>CC 07-430 |
|---|---|---|

IN THE _____ Circuit _____ COURT OF _____ Houston _____ ALABAMA
(Circuit, District, or Municipal)                    (Name of County or Municipality)

STATE OF ALABAMA v. _William Aaron Collins_

_____
Defendant

It appears to the court the above-named defendant ☐ has been convicted of ☐ has been adjudicated a Youthful Offender for the offense of _Burglary III_ and has been sentenced to _15 yrs._

The defendant having applied for the benefits of probation and the court having examined the cause, it is ORDERED, ADJUDGED, and DECREED that the sentence is hereby suspended and that the defendant is placed on probation for a period of _____
It is the order of the court that the probationer comply with the following conditions of probation:

1. Do not violate any Federal, State, or local law.
2. Avoid injurious or vicious habits.
3. Avoid persons or places of disreputable or harmful conduct or character.
4. Report to the Probation Officer as directed.
5. Permit the Probation Officer to visit defendant at home or elsewhere.
6. Work faithfully at suitable employment as much as possible.
7. Remain within a specified place, to-wit: _____
8. Support his/her dependents to the best of his/her ability.
9. Do not change residence or employment without the consent of the Probation Officer.
10. Submit to substance abuse tests when ordered to do so by the Probation Officer. These tests may include urinalysis, breathalyzer, and blood samples, but are not limited thereto. Probationer will pay costs of tests.
11. Submit to searches by the Probation Officer of his person, residence, vehicle, or any property under his/her control.
12. Pay to the Probation Officer $30.00 per month during the probation period, pursuant to law.
13. Do not possess, receive, or transport firearms.
14. If the defendant was convicted of any offense specified in Section 36-18-24, Ala. Code 1975, he or she must submit to DNA testing according to Section 36-18-25(c), Ala. Code 1975.
15. The defendant is ordered to pay fines, court costs, restitution, assessments, and other court-ordered monies at the rate of $_____ per month on or before the _____ day of each month, beginning _____. Payments of cash, money orders, or certified funds may be brought to the clerk's office. Money orders or certified funds may be mailed to the Clerk of Court: _____

Name _____ CARLA WOODALL
Address _____ HOUSTON COUNTY CIRCUIT CLERK
POST OFFICE DRAWER 6406
City _____ DOTHAN, ALABAMA 36302
State _____ Zip Code

At each report to the Probation Officer, the defendant shall furnish written proof (Clerk's receipt or money order receipt) of any previous month's payment of court-ordered monies.

16. Notify the Clerk of Court of any change of mailing address and appear in court whenever ordered.
17. Report to the Court Referral Officer immediately, and attend, pay for, and successfully complete the recommended program. The telephone number is _____
18. The defendant shall perform _____ hours of community service to be approved by the court.
19. Other conditions of probation ordered by the court are as follows:

_____ Waives Extradition _____

It is the further order of the court that the defendant is hereby advised that the court may at any time revoke or modify any conditions of this probation or change the period of probation and may discharge defendant from probation or extend the period of probation. The probationer shall be subject to arrest for violation of any condition of the probation herein granted. The court may, at any time, for cause, order the original sentence executed.

Date _____          Judge _____

**NOTICE**

If you have been convicted of a misdemeanor crime of domestic violence, which has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, against your current or former spouse; your child of whom you are a parent or guardian; a person with whom you share a child in common; a spouse, parent, or guardian with whom you are, or have been, cohabiting or to whom you are similarly situated, and you ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition, or if you receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, YOU ARE SUBJECT TO BEING PROSECUTED IN FEDERAL COURT FOR VIOLATING 18 U.S.C. 922(g)(9).

A copy of this order has been delivered to the probationer, who has been instructed regarding this order.

Date _____          Probation Officer _____

The above instructions and conditions have been explained to me. I have received a copy of this order, I understand the conditions, and I agree to abide by them.

Date _____

Probationer's Address _____          Probationer's Signature _____

City _____ State _____ Zip Code          Probationer's Telephone _____

This _11 - 6 - 07_ (date, defendant makes application for probation and hearing is

hereby set for _12 - 18 - 07 at 8:30 AM_.

11·7·07 N: DA, D FOWLER, HC JAIL, PROB OFF

JUDGE _Edward Jackson, Judge_

CONTINUATION

# Inmate Sanction/Restriction Documentation

Inmate Name: _Rollins, William_  Date: _10-11-07_     Inmate Number: _35564_

Pod Location: _H-floor_     Pod/Cell Inmate moved to (If Applicable): _B-9_

| Type of Restriction/Sanction: | | | Date to Begin / Date to End | |
|---|---|---|---|---|
| _3_ WKS | (✗) | Suspension of Commissary Privileges | _11-5-07_  _11-10-11-07_ | / _11-23-07_ |
| _3_ WKS | (✗) | Loss of Visitation Privileges | _11-3-4-07_ | / _11-17-18-07_ |
| _____ DAYS | ( ) | Minimum 72 Hours Cell Restriction | | / |
| | (✗) | Other _3 weeks lock-down 10-11-07 TO 11-01-07_ | | |

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| _S. Moon_ | _Sb.ge 10/11/07_ |

At approximately 2000 hours I observed a discrepancy in the H-pod cell assignments. The assignment showed I/m Rollins to be in H-6. I/m Rollins was on the floor. When I asked him about this, He stated, "They told me to move". I asked I/m Rollins who "they" was. He stated that he didn't know. I informed him to move back to that bunk. I/m Rollins became argumentative. At approximately 2020 I/m williams stated to C/o Chancey, "I'm not going in that cell". At 2100 hours, C/o Chancey instructed I/m williams, to pack for lock-down per Sgt. Kilksey & Sgt. Buchman. He became very argumentative and eventually complied.
I/m williams is in violation of rule #11: No inmate will interfere with sheriffs department personnel, nor will they disobey an order or instructions given by Sheriffs department personnel. Rule #12: No inmate will leave his/her authorized area. Inmates must go into their cells when told to do so. Females must be seated on their bunks.

| Signature of Sgt. / Asco | Revised 03-26-2007 |
|---|---|
| _C. Toby_ | Keith Reed / Jail Commander |

# HOUSTON COUNTY JAIL
# LOCKDOWN INVENTORY LIST

The following items were removed from inmate  Rollins, William .

Inmate number  35564              POD LOCATION  B- Pod

ITEMS:  3 pair underwear, 7 white
t-shirts, 8-pair socks, 1 brown paper
bag, 5 small tubes tooth paste, 1 bottle lotion
1 tube cool wave tooth paste, 1 bar soap
4 small bottles sampoo, 1 deck of cards
1 pair white slide on shoes, 1 roll tolid paper
2 bottle lotion, 1 book, Assorted paperwork
& legal mail. shower shoes 1 pair

INMATE SIGNATURE: _____

TAKEN BY:  Chancey

DATE:  10/11/07

*******************************************************************

INMATE SIGNATURE: _____

RETURNED BY:  c/o Fortson

DATE:  10/31/07

DATE APPEAL SENT:     10/12/2007

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME:     ROLLINS, WILLIAM     HCJ#:   35564     POD:     H

Date filing appeal:   10-12-07

On 10-11   2007, an Inmate Sanction/Restriction was wriiten by Officer   Moon

Charging inmate   Rollins   , with a violation of Houston County Jail Rules and Regulations #  11

and Rule #21 Noinmate will leave his/her authority od area

Noinmate will disobey  _____ order or instruction given by thrull person.

The circumstances of the violations are:  to Moon and Chance accused inmate

Rollins of refusing to enter a cell assignment (at 2020 and 2100 hrs

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at:  3 weeks

susp. Comm priviledges, 3 weeks loss of visit and  3 weeks lock down

I wish to appeal the decision because:  I was never allowed to pick a assigned cell

until I left of Pod and was moved to I-Pod.  Sg Chance  _____

officer who gave _____ who had claim in he was next in line

***************DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY***************

On the  14th  day of October   , 2007, an appeal of the Sanction/Restriction taken against

inmate  Rollins   was reviewed by  Sgt. Verner   , and the following

action was taken:     APPEAL APPROVED     (APPEAL DISAPPROVED)     OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal:  You were told to go into the

cell and that is what you were supposed

to do. Follow the rules.

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

14  day of  Oct   , 2007.

C. _____
Officer Signature     INMATE SERVED COPY YES

for a cell" the one cell. He didn't acknowledge to me at any time about who or when I was ordered to go to the cell and the record can verify that this incident occurred over 3½ weeks ago and It will have been confirmed by officers and inmates in H-Pod that I have been on the day room floor the whole time since being moved from I-Pod.

I am being confined in lockup for violating something I had no authority to control. And it's prejudicial for me to be put in lockdown while another inmate was also in violation for "improperly" entering an cell assignment and 2 this not given any kind of reprimand or punishment. Furthermore c/o Moon & Chancey knew that I could not move into the cell 6 until (the inmate's) the belongings of the inmate's were released to them because they were in church at the time and cell 6 was lockdown for security (which c/o man said purposes.

— "3 shifts and 3½ weeks I have been on the floor without a cell and this can be shown!

I did not refuse any order given and you have to apply the rules the way they apply to policy. I could not be hold left an authorized (or not into) area or disobeyed an order by personel if the area itself is "contaminated" and has to be regulated beforehand to be functional.

PS I did not say I didn't know who told me move I Told him that I didn't know his name — and I didn't find this out until a trustee told me — after I had ask c/o Moon and c/o Chancey to tell me his name.

# INMATE GRIEVANCE FORM

DATE: 10-26-07                    2005      POD/CELL LOCATION: B-05

INMATE NAME: William Rollins      INMATE NUMBER: 355564 - B-5

NATURE OF GRIEVANCE OR INFORMATION: The purpose of the enclosed inmate grievence involves issues of manipulative and prejudicial conduct that recently had been committed by the following staff officers and supervisory officials operating in their official capacity as titled: (1) CO Moon (2) CO Chancey (3) Sgt. Buchman, (4) Sgt. Turner (5) Sgt. Kersey (6) Commander Reed (Outline and information continued on fact sheet #1, #2, #3) 4+5

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? Mr. Hughes, This is basically a very trifiling matter but I have suffered a great amount of criticism and disrespect because of this. I realize you have other business that may be of greater importance but I strongly believe in my claims. Therefore I am requesting that you or someone with the established credintials to exert some means to control this type of dillima (which has already gotten out of hand). I would like these officers reprimanded

OFFICER RESPONSE OR FINDING? (because there has to be a protocol to be followed that corresponds with an established procedure.

SGT. ON DUTY RESPONSE: Inmate Rollins, please only address one issue per grievance form. As formatted this is not proper and cannot be addressed. [signature] Reed
11-8-07

* * * * * * * * * * * * *  DO NOT SIGN UNTIL YOU HAVE READ RESPONSE  * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED:

CORRECTIONS OFFICER SIGNATURE: Bacto

INMATE SIGNATURE:

# INMATE GRIEVANCE FORM

DATE: 8-29-07 , 2005    POD/CELL LOCATION: J-5

INMATE NAME: William Rollin    INMATE NUMBER: 35564

NATURE OF GRIEVANCE OR INFORMATION: I put a request in for packlets of medicated cream specifically (1) Triple Antibiotic Cream and (2) Hydrocortisone cream. I received a response from that request stating quote "You can get these off of the commissery" #1 I am an indigent inmate here in this facility — #2 I have been previously diagnosed and recommended to have these medications provided (IN my file) (Code of Alabama 14-6-19). Alabama law dictate that inmate medical

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? Service is free when inmates are unable to provide for themselves.

Please acknowledge my condition that has already been previously examined and has been approved for these medications along with Peroxide Pads and Alcohol pads and an additional towel & face cloth (for skin irritations) I've had to write about this particular situation before and it's getting to be "repitious" last request for these items date 6-15-07

OFFICER RESPONSE OR FINDING? Also could I have a copy of my medical records from (2006) concerning the details about this recommendation to have the "clean towel and washcloth" sent to me (as I requested on (5-16-07) yet no response was given.

Thank you

SGT. ON DUTY RESPONSE: Your records have to be court ordered — also you can get those items off commissary if no funds — Let us know

Clinic

* * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 9-11-07

CORRECTIONS OFFICER SIGNATURE:

INMATE SIGNATURE:

Inmate Number ___35564___

## HOUSTON COUNTY SHERIFF'S DEPARTMENT
## ANDY HUGHES, SHERIFF
## INMATE VISITATION LIST

Last name __Rollins__          First name __William__

Pod Location __H-Pod__          Date __10-4-07__

**NOTE TO ALL INMATES:** This is a permanent visitation list. New lists will be issued every three (3) months. **NAMES WILL NOT BE ADDED OR DELETED FROM THIS LIST.** You are not allowed to have more than two (2) visitors per visitation day. Children, no matter what age, are counted as one (1) visitor. There are no exceptions to this rule. **EVERY visitor must have a valid ID in order to visit.** Anyone over the age of sixteen (16) must have a valid picture ID, in order to visit. Children under the age of (16) may use a social security card or school ID card. In order for you to receive a ministerial visit, you must list your minister's name below.

### VISITOR NAMES

| | | | |
|---|---|---|---|
| Debra Bradley | Karl Whiting | Pamela Burgess | |
| Joyce White | Robert McCloud | Theodore Whiting | |

**(OPTIONAL)**
Religious/Church Preference __Methodist__          **(MANDATORY FOR MINISTERIAL VISIT)** Preferred Clergy_____

| ONLY OFFICERS ARE TO VIEW OR WRITE ON VISITATION REGISTRATION BELOW!! | | | |
|---|---|---|---|
| DATE | VISITOR'S NAME | ADDRESS | ID# |
| 11-3+4-07 | | | |
| 11-10+11-07 | NO VISITS | | |
| 11-17+18-07 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M Signature __William R.__          C/O Signature _____

COPY

HOUSTON COUNTY JAIL
ASSAILANT CONTROL REPORT

| Incident #: 07-21 | Page    of | | Location: N POD | | | |
|---|---|---|---|---|---|---|
| Type of Offense: ASSAULT | | | | | | |
| Assailant(s) Name | | Inmate # | Race | Sex | DOB | |
| ROLLINS, WILLIAM | | 35564 | B | M | 7/3/1962 | |
| | | | | | | |
| | | | | | | |
| Corrections Officer(s) Involved | | ID # | | Shift | | |
| PEARSON, JASON | | J33 | | 3RD | | |
| MOORE, KELITA | | J34 | | 3RD | | |

| Assailant Level of Resistance | | Level of Control Compliance (Mechanical Compliance) | | Mechanical Control Countermeasures | | |
|---|---|---|---|---|---|---|
| Not Armed | | X | Assailant taken to ground | x | Baton | |
| Armed with: | | | Assailant hobbled | X | Chemical Agent | |
| Hands ( X ) Feet ( ) | | | CPI hold | X | Taser | |
| Grabbed C/O'S Equipment | | | | | | |
| Other: | Other: | | | Other: | | |
| Assailant Struck C/O  YES | ( ) Head | ( X ) Face | ( ) Chest | ( ) Legs | ( ) Back | ( X ) Arms |

| Injuries to C/O (check all that apply) | | Injuries to Assailant(check all that apply) | | Treated |
|---|---|---|---|---|
| | No visible injuries | | No visible injuries | NA |
| X | Minor scrapes/bruises | X | Minor scrapes/bruises | Y |
| | Visible injuries | | Visible injuries | |
| | Hospitalized | | Hospitalized | |

Medical /Additional Comments: Inmate was taken to nursing for a shower to wash the the capstun off and to clean the taser probe mark.

| Photographs (check all that apply) | X | C/O | X | Assailant | |
|---|---|---|---|---|---|
| Corrections Officer: J. PEARSON | | Date: 7/26/07 | | Shift: 3RD | |

Details of Supervisory Investigation: On Thursday, July 26, 2007, at approx 0656 a.m. all officers were called to N-Pod. Upon arrival CO Pearson and CO Moore were on the ground trying to hold inmate Rollins down. Inmate Rollins came out of his cell and charged at CO Pearson and CO Moore. CO Pearson tried using his asp and was unsuccessful. Upon taking him to the ground inmate Rollins was capstunned by CO Pearson. Upon investigation inmate Rollins had tried to hide his hand his his roomates mattress covers in his oranges and also two books and two pens in his socks. Inmate Rollins was handcuffed and taken to nursing for a shower and to clean the taser probe that had made contact. Inmate Rollins had assaulted CO Pearson. CO Pearson had some minor scraps and bruses on his right arm and the right side of his nose. E.O.S.

| Supervisor: Sgt. Mal | Lt./Jail Commander: |
|---|---|

HOUSTON COUNTY JAIL
INCIDENT/OFFENSE REPORT

| Investigating Officer: PEARSON, JASON | Report Number: | |
|---|---|---|
| Offense/Incident: ASSAULT | Page Number: 1 of 1 | |
| Place of Occurrence: N POD | Date/Time of Occurrence: 7/26/07at0656hours | |
| **Involved Inmates:** | | |
| Offender 1: ROLLINS, WILLIAM | Inmate # / Cell Assignment: 35564 N-9 | |
| Offender 2: | Inmate # / Cell Assignment: | |
| Offender 3: | Inmate # / Cell Assignment: | |
| Victim 1: | Inmate # / Cell Assignment: | |
| Victim 2: | Inmate # / Cell Assignment: | |
| Involved Officers:PEARSON, JASON | Rank/Assignment: C/O - MNO | |
| MOORE, KELITA | Rank/Assignment: C/O - MNO | |
| | Rank/Assignment: | |
| Witnesses: | Inmate # / Cell Assignment: | |
| | Inmate # / Cell Assignment: | |
| Evidence: Marked, Tagged, Sealed | ( X ) Yes     ( ) No | |
| Nature of Evidence: | Turned Over To: | |
| Disposition: | Evidence Destroyed: ( ) Yes ( ) No | Turned in to S.O. ( ) Yes (X) No |

NARRATIVE: On 7/26/07, at approx: 0656, C/O Moore and myself went into N-POD to pull lockdown mats in cell (N-14) and came back downstairs and C/O Moore seemed to be having a problem with cell (N-9). When I came over there C/O Moore explained to me that the inmates in cell (N-9) claimed they didn't have mattress covers. C/O Moore noticed that inmates Rollins had a bulge in his oranges around his back and I made him strip them off. When inmate Rollins pulled his oranges down I pulled his mattress covers out. I/M Rollins began beating on his door after we left and yelling for me to come into the cell so he could "kick my ass". I informed I/M Rollins that if he beat on the door again that he would be tased. As soon as we left his cell he again began beating his cell and yelling cuss words. C/O Moore and myself opened his door and I tased him. I/M Rollins was not dropped by the taser and he came out charging C/O Moore and myself. I got rid of the taser due to being wrapped up in the wires and being shocked. I pulled out my ASP and tried to take out his legs as we were trained but, could not get a good hit with it without hitting C/O Moore. I threw the ASP away and C/O Moore and myself took I/M Rollins to the ground. I/M Rollins kept trying to fight so he was capstuned be me. Sgt. Marsh, Sgt. Bonin, C/O'S Athey, Downs, and Russell soon arrived and helped to secure him. EOS

Investigating Officer's Signature:



### SUPERVISORY TASER USE REPORT

| | |
|---|---|
| Suspect Name: | ROLLINS, WILLIAM |
| Location: | N POD |

| | |
|---|---|
| Report Date: | 7/26/2007 |
| Booked: | Yes |
| Charges: | BURGLARY II |

Officer's Name: PEARSON, JASON

Sgt.:

Supervisor: SGT. BONIN/MARSH

TASER Serial #: X00-098969

Medical Facility: N/A

Doctor: N/A

OR#:: AL03800

Fire DR#::

Date of the Incident: 26-Jul    Time of Incident: 656

Location of the Incident: NPOD

Officer(s) Involved: PEARSON, J    MOORE, K

Nature of the Call or Incident: ASSAULT

Type of Subject: ☑ Human  ☐ Animal

Type of Force Used (Check all that apply): ☑ Physical  ☑ Less-lethal  ☐ Firearm

Nature of the Injuries and Medical Treatment Required: MINOR SCRAPES

Admitted to Hospital for Injuries: NO

Admitted to Hospital for Psychiatric: No

Medical Exam: No

Summary of the Actions of Officer(s) Involved: INMATE WAS TAKEN TO NURSING AND WAS SHOWERED TO WASH OFF CAPSTUN AND TASER PROBE MARK CLEANED.

Was an Officer, Police Employee, Volunteer or Citizen Injured?: Yes

Incident Type [check appropriate response(s) below]

☐ Civil Disturbance  ☑ Violent Suspect  ☐ Warrant Service

☐ Suicidal  ☐ Barricade  ☐ Other

Age: 45    Sex: Male

Height: 5'11    Race: African American

Build: ☐ Heavy  ☑ Medium  ☐ Trim

Suspect wearing heaving clothes: No

TASER Application: ☑ Actual Use  ☐ Arc Display Only  ☐ Display Only

TASER Use Mode: ☑ Dart Probe Contact  ☐ Touch Stun Contact

Type of TASER Device [check appropriate response(s) below]

☐ TASER M26  ☑ TASER X26

Type of AIR CARTRIDGE [check appropriate response(s) below]

☑ 21-Ft AC  ☐ 21-Ft XP - Yellow AC

Type of ADVANCED TASER M26 Batteries Used (not TASER X26) [check appropriate response(s) below]

☐ Rechargeable NIMH  ☐ Alkaline

Approximate target distance at the time of the dart launch: 1-3 Feet (1m)

Need for an additional shot?: Yes

F

Did dart contacts penetrate the subject's skin?: No

**Regarding the TASER X/M26:**
Did the application cause injury: No
If yes, was the subject treated for the injury?: No

DESCRIPTION OF INJURY:
NO INJURIES OCCURED

## APPLICATION AREAS - Points of contact



SYNOPIS:
ONE PROBE MADE CONTACT, OTHER PROBE DID NOT

Need for additional applications?: Yes
Did the device respond satisfactorily?: No

Describe the subject's demeanor after the device was used or displayed?
INMATE DID NOT DROP AND CAME CHARGING AND HAD TO USE CAPSTUN TO SUBDUE INMATE.

Suspect Under the influence:

F                                    TASER Incident Report 7/27/2007

Confirmed by:

Describe the danger present:

INMATE WAS VERY VIOLENT WHEN HE CAME OUT OF HIS CELL.

Describe other means attempted to control the subject: (If not used, explain)

Chemical Spray Used?: Yes
Explanation:

Baton or Blunt Instrument?: No
Explanation: THERE WAS NOT A CLEAR PATH TO GET UNDER HIS LEGS, THE OTHER OFFICER WAS IN THE WAY.

Authorized control holds?: Yes

Photographs Taken?: Yes
If not, explain:

Report Completed by: J. PEARSON

X_____
Signature (Hard Copy)

**ADDITIONAL INFORMATION**

## INSTRUCTIONS:

1. **Save this file to your hard drive.  It will not email properly until after being saved.**

2. **Submit this report to the national TASER technology incident database.**

   ### Email to: Shawn@TASER.com
   **Click "File" -> "Send" -> "Mail Recipient" (send to:  Shawn@TASER.com)**
   **Data will be submitted to the TASER Int'l, IACP and NTOA less-lethal databases.**

3. **If you cannot email, please fax this report to: (480) 991-0791 Attn: Shawn Spencer, 800-978-2737 ext. 2077.**

4. **Save a copy of this report to your department archives.**

5. **Print and sign a copy of this report and deliver to supervising officer for filing in department records.**

F

# HOUSTON COUNTY JAIL
## INCIDENT REPORT

Date of Report: 7, 26, 2007          Time of Report: _____

Date of Incident: 7, 26, 2007          Time of Incident: Aprx 0680

Officer Name and ID: N. Moore  5-34    Page ___ of ___

### NARRATIVE

Aprox. 0680 I, Cb N. Moore and Cb Pearson
was retrieving matts, blankets, and sheets
from the lock down cells, I/m William
Rollins in N-9 refused to turn over
his sheet that he hidden inside his oranges.
Cb Pearson retrieves the sheet and we
closed the door, I/m Rollins begin to beat
on the door. Cb Pearson told I/m Rollins
to stop beating on the cell door.
I/m Rollins continues to beat on the door.
Cb Pearson opened the cell door and
asked I/m Rollins once again to stop
beating on the cell door. I/m Rollins
attempted to approach Cb Pearson and Cb N. Moore.

## HOUSTON COUNTY JAIL
## NARRATIVE SUPPLEMENT

Cb Pearson then shot Wm Rollins with the taser. Wm Rollins then backed up, but did not respond much to being hit by the taser, he begin to charge at Cb Pearson. & Cb K. Moore & Cb Pearson had to struggle with Wm Rollins to get him under control. Wm Rollins was sprayed and restrained on the floor. All appiers to floor EOS _____






**DATE APPEAL SENT:**  7/11/2007

**NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION**

**INMATE NAME:**  ROLLINS, WILLIAM    **HCJ#:** 35564  **POD:** B

Date filing appeal: 7·12·07

On 7·11·07 2007, an Inmate Sanction/Restriction was written by Officer Jackson

Charging inmate Rollins , with a violation of Houston County Jail Rules and Regulations # 9

No inmate will possess or attempt to possess contraband either on his/her person, cell or control. #1 No inmate will interfere will interfere with the Sheriff Department Personnel.

The circumstances of the violations are: C.O. Jackson & Culver conducted search of B-9 and uncovered contraband along with allegations of Rollins refusing to comply with orders

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 3 weeks cell restriction

I wish to appeal the decision because: Inmate Hygiene Police no: E-303 in which specifically promotes the institutional goals of health cleanliness safety, and security in the Houston County Jail - I explain on back

***************DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY***************

On the_____ day of _____ , 2007, an appeal of the Sanction/Restriction taken against

inmate _____ was reviewed by _____ , and the following

action was taken:    APPEAL APPROVED    APPEAL DISAPPROVED    OTHER ACTION TAKEN:

_____

_____

Basis for approval/disapproval of appeal: You are not allowed to have 9 tubes of toothpaste & trash bags, nor are you to have more than one Library book. And you definitely are not allowed to have a Law library book. Follow the rules as stated.

*****************************************************************************
I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

13 day of July , 2007.

_____    **INMATE SERVED COPY** (YES)
Officer Signature

Read! ☆
** Inmate Rollins is willing to take Sanction # 6 but, is wanting

the circumstances surrounding the incident before the shakedown escalated into a conflict between myself & CO Culver. I was deprived of not only hygiene items that she (CO Jackson) had no intention of listing but also medication that was issued to me. (refer to nurse about this) The bags both with which were commissary + plastic garbage bags were a combination of trash left behind by me ex-cellmate Jimmy Brown + bags that I used to keep my property in because I had no box to put them in underneath the bunk. To put it straight, the property I had was provided and accessible and my actions were in compliance because the items was never procured to be a security risk or nor can my area that was in my immediate control be said to be a misuse of standards authorized by the the policy makers. The order to step outside the cell was not meant to be a refusal but I was doing what I thought and have experienced in the past. Being allowed to observe this inspection without any barriers is a fundamental right in this sort of procedure. This concept no one in this administration or standing or has the authority to deny.   I also would like to let the party reviewing this to know I've been subjected to be tested down each and every time my name comes up and in none of the previous sanctions have I've been given an opportunity to be tested for and _____ → and be allowed another chance.

**(I really can't afford to do this time in lockdown because I will be coming up from trial on 8/27 and I have a lot of legal office to make.

#7

## Inmate Sanction/Restriction Documentation

Inmate Name: _Rollins, William_  Date: _7-11-07_   Inmate Number: _3556__

Pod Location: _B-9_   Pod/Cell Inmate moved to (If Applicable): _____

| Type of Restriction/Sanction: | | | Date to Begin / Date to End |
|---|---|---|---|
| ___ WKS ( ) | Suspension of Commissary Privileges | ___ / ___ | |
| ___ WKS ( ) | Loss of Visitation Privileges | ___ / ___ | |
| 3 WKDAYS (X) | ~~Minimum 72 Hours Cell Restriction~~ | _8-02-07_ / _8-23-07_ | |
| ( ) | Other _Due To Numerous Sanction_ | | |

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| J Jackson | C. Tylor  7/11/07 |

Approx 0915 while in B pod searching B-9 the cell of William Rollins Mr Rollins got a razor out his drawer deoil + hid behind him. I notice this + ask Mr Rollins to give to + deliver whatever he had in his hand. Mr Jackson ask Mr Rollins to step out + said he refused. Mr Interfered with cps job, by refusing to come out + asking who gave you the authority to check my cell. Question Question Demanding this inmate, also had Due of the law library books. Also 6 commissary Bags, 3 garbage Bags, these are violations of rule # 9. 10 I'm with posses or attempt to possess contraband either on his person, cell or under his control to include testing positive for drugs or alcohol. Also violation of rule # 11. No I'm will interfere

Revised 03-26-2007

Keith Reed / Jail Commander

| Signature of Sgt. / Asco |
|---|
| Sgt. Miller |

With Sheriff's Dept. personnel, nor will they dissey an order or instruction given by Sheriff's Dept. personnel.



B-9

# *# 6*

## Inmate Sanction/Restriction Documentation

Inmate Name: **Rollins, William**    Date: **7-11-07**    Inmate Number: **35564**

Pod Location: **B-9 J**    Pod/Cell inmate moved to (If Applicable): _____

| Type of Restriction/Sanction: | | Date to Begin / Date to End |
|---|---|---|
| _____ WKS ( ) Suspension of Commissary Privileges | | _____ / _____ |
| _____ WKS ( ) Loss of Visitation Privileges | | _____ / _____ |
| **2 weeks** ( ) ~~Minimum 72 Hours~~ Cell Restriction | | **7-19-07** / **8-02-07** |
| ( ) Other **Due to Numerson Sanction** | | |

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

Officer Requesting Sanction/Restriction
**2 Jackson**

Officer Authorizing Sanction/Restriction
**C. Juby 7/11/07**

**Approx 0930 while coming back to booth passing B pod, Im Rollins, William was at B pod door and called C03 Jackson a Bitch! This is a violation of rule #4. No Im will behave in any manner that is disrespectful to any Sheriff's Dept. personnel, visitors or other inmates.**

Revised 03-26-2007
Keith Reed / Jail Commander

Signature of Sgt. / Asco
**Sgt. Oliver**

DATE APPEAL SENT: _____5/12/2007_____

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME: _____**ROLLINS, WILLIAM**_____ HCJ#: __35564__ POD: __J__

Date filing appeal: _5/13/07_

On _5/11/07_ 2007, an Inmate Sanction/Restriction was written by Officer _Lance_

Charging inmate _Rollins_ , with a violation of Houston County Jail Rules and Regulations # _11_

_No inmate will interfere with Sheriff Depart personnel_

The circumstances of the violations are: _Explained in charge_

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: _7 days_

_lockdown 5-19 - 5-25_

I wish to appeal the decision because: _This incident actualizes my_

_exact point that I was making in the Sanction #3_

_about why I should't been just taken as another_

**************DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY***************

On the __14__ day of __May__ , 2007, an appeal of the Sanction/Restriction taken against

inmate _Rollins, William_ was reviewed by __Sb 2e__ , and the following

action was taken:     APPEAL APPROVED     (APPEAL DISAPPROVED)     OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal: _Appeal not filled out correctly / However follow the_

_rules_

****************************************************************************************************

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

__14__ day of __May__ , 2007.

__Sb 2e__
**Officer Signature**

INMATE SERVED COPY (YES)

inmate trying to shave and the razor was gone.
I had put the razor after Salt issued me in a secure
area but when I returned it was gone. Off Lancy
had no knowledge of what might have happened to the
razor itself because he didn't make an attempt to
follow up and investigate what I said concerning
the razor. It would be kind of senseless for me
to purposely lose a razor and still run the risk
of me being found in possession of it while being
inspected for a contraband in lockdown or before
being put in lockdown. I can only give my account
of what happened (*Point 2 At no point in time
was I informed that I should write a grievance or
request to the acting Sgt on duty by Officer Lancy)
I was actually getting prepared to shave when officer Lancy
told me that "there was no need for me to shave or anything
when I'm was going to lockdown" which shows he
was bias during this incident. I never shown
any disrespect, but when a person looks over
you and places a burden in your way making
it hard to be considerate the door can be
opened to anything. The situation as a whole
could have been handled more professionally.
I'm not guilty of this sanction the razor was
stolen. (Never found the razor on me nor did
Officer Lancy make a physical search of inmate Bellus
to confirm any aspect of this action.

# 4

# Inmate Sanction/Restriction Documentation

| | |
|---|---|
| Inmate Name: Rollins, William | Date: 5/11/07 | Inmate Number: 35564 |

Pod Location: B    Pod/Cell Inmate moved to (If Applicable): J

## Type of Restriction/Sanction:

**Date to Begin / Date to End**

| | | | | |
|---|---|---|---|---|
| ___ WKS | ( ) | Suspension of Commissary Privileges | _____ / _____ |
| ___ WKS | ( ) | Loss of Visitation Privileges | _____ / _____ |
| 7 DAYS | (✓) | Minimum 72 Hours Cell Restriction | 5/18/07 / 5/25/07 |
| | ( ) | Other | |

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| Carey | Sd. 2e  5/12/07 |

At approximately 0805, C/o Batt passed razors in A.H. I/m Rollins William received a razor, but when he was moved to lockdown, I/m Rollins William said he lost his razor and needed another one. It is inmate Rollins William responsibility to keep up with the razor he received. Inmate Rollins William is in violation of rule #11, which states, No inmate will interfere with sheriff's department personnel, nor will they disobey an order or instructions given by sheriff's department personnel.

Revised 03-26-2007

Keith Reed / Jail Commander

| Signature of Sgt. / Asco |
|---|
| Sgt Turner |

DATE APPEAL SENT: **5/12/07**

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME: **ROLLINS, WILLIAM**        HCJ#: **35564**    POD: **B**

Date filing appeal: **5-13/07**

On **5/11/07** 2007, an Inmate Sanction/Restriction was written by Officer **Laney**

Charging inmate **Rollins**, with a violation of Houston County Jail Rules and Regulations # **H**

No inmate will interface with Sheriffs Depart personnel nor disobey an order given by Sheriffs department personal

The circumstances of the violations are: **Explained in charge**

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: **7-day lockdown 5-11 - 5-18**

I wish to appeal the decision because: **(1) I requested that I shouldn't be assigned Cell 7 in B-Pod because I had a specific security intrest on my behalf (not animosity to the inmate in cell 7 himself**

**************DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY**************

On the **14** day of **May**, 2007, an appeal of the Sanction/Restriction taken against

inmate **Rollins, William** was reviewed by **SDL**, and the following

action was taken:    APPEAL APPROVED    (APPEAL DISAPPROVED)    OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal: **Appeal not filled out correctly / If you have time to write a book explaining yourself, you can fill out all the neccessary information on the appeal / However follow the rules.**

******************************************************************************************

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

**14** day of **May**, 2007.

_____    INMATE SERVED COPY—(YES)
Officer Signature

just one of the main reasons I didn't think I should have been put in that particular cell. I realize the policy has definite terms that we as inmates are to abide by but I just wanted the administration (Officer Cell who I initially addressed) to know that I really felt that this was not an appropriate place or time for me as "wanting to change my ways" to be placed in such a radical position". I'm not saying it's completly a mental thing either. I just been through a lot and I was real comfortable in the day room since I came to B-Pod April 12 Since I've been in B-Pod I've been deliberately overlooked or denied access to a cell several times when I knew (and the officers assgning the cells obviously should have known) I was in line for the next cell assignment. Me and my property was already inside the cell when I made my request not to be issued the Cell 7 and I never can be said to have removed myself or my property from that cell until C/O Laney said to get my stuff but I was under the assumption that they he knew my discrepency. The time sequence (7:40AM) speaks for this because all the things I'm referring to transpired before roll out time at 8:30 I was not intentionally disrespecting or interfering with authority I was merely protecting my safety which is why I know Off. Laney (or Sgt Turner) didn't properly address this incident from its outset. seeing how there were others lounged in the day room area who were willing to be put in a cell considering the overcrowed conditions. Maybe I didn't have a choice but "Discretion" to take the necessary steps is in the officer(s) hand not in mine. I'm incarcerated.

#3 

# Inmate Sanction/Restriction Documentation

| | | |
|---|---|---|
| Inmate Name: Rollins William | Date: 5/11/07 | Inmate Number: 35564 |
| Pod Location: B | Pod/Cell Inmate moved to (If Applicable): J | |

**Type of Restriction/Sanction:**

| | | | | Date to Begin / Date to End |
|---|---|---|---|---|
| ___ WKS | ( ) | Suspension of Commissary Privileges | _____ / | _____ |
| ___ WKS | ( ) | Loss of Visitation Privileges | _____ / | _____ |
| 7 DAYS | (✓) | Minimum 72 Hours Cell Restriction | 5/11/07 / | 5/18/07 |
| | ( ) | Other | _____ | |

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| Corey | Sgt. Lee 5/12/07 |

At approximately 0740 Am. Im Rollins William was told to move from the floor of B-Pod to B-7 by So. Goff. At approximately 0840 Im Rollins William came to the speaker and said he was not moving to that cell. When told he didn't have a choice, he said take me to lockdown then. Im Rollins William was moved to lockdown at his request and for refusing to move in a cell. Im Rollins William in of violation of rule # 11, which states: No inmate will interfere with sheriff's department personel, nor will they disobey an order or instructions given by Sheriff's department personel.

_____

Signature of Sgt. / Asco

Sgt. Cruder

Revised 03-26-2007

Keith Reed / Jail Commander

Inmate Number 35564

## HOUSTON COUNTY SHERIFF'S DEPARTMENT
## ANDY HUGHES, SHERIFF
## INMATE VISITATION LIST

Last name _Rollins_                    First name _William_

Pod Location _B_                    Date _4/11/07_

NOTE TO ALL INMATES: This is a permanent visitation list. New lists will be issued every three (3) months. NAMES WILL NOT BE ADDED OR DELETED FROM THIS LIST. You are not allowed to have more than two (2) visitors per visitation day. Children, no matter what age, are counted as one (1) visitor. There are no exceptions to this rule. EVERY visitor must have a valid ID in order to visit. Anyone over the age of sixteen (16) must have a valid picture ID, in order to visit. Children under the age of (16) may use a social security card or school ID card. In order for you to receive a ministerial visit, you must list your minister's name below.

### VISITOR NAMES

| | | | |
|---|---|---|---|
| Debrsha Bradley | Joyce Whiting | | |
| Tara Timmins | Paul McCloud | | |

(OPTIONAL)                         (MANDATORY FOR MINISTERIAL VISIT)
Religious/Church Preference_____ Preferred Clergy_____

| ONLY OFFICERS ARE TO VIEW OR WRITE ON VISITATION REGISTRATION BELOW!! | | | |
|---|---|---|---|
| DATE | VISITOR'S NAME | ADDRESS | ID# |
| 04-14-15-07 | NO Visit | | |
| 04-21-22-07 | no Visit | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M Signature _William Rollins_          C/O Signature_____

# Inmate Sanction/Restriction Documentation

| | | |
|---|---|---|
| Inmate Name: _Rollins, William_ | Date: _4-8-07_ | Inmate Number: _35564_ |
| Pod Location: _B-6 - Bottom_ | Pod/Cell Inmate moved to (If Applicable): _____ | |

| Type of Restriction/Sanction: | Date to Begin / Date to End |
|---|---|

_____ WKS ( ) Suspension of Commissary Privileges

___/___ WKS (X) Loss of Visitation Privileges _____ 4-21-07 / 4-22-07

1 Wk ~~DAYS ( ) Minimum 72 Hours Cell Restriction~~ 4-11-07 / 4-18-07

(✔) Other _1 week L/D_

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| _Dy_ | _C. Foley  4-8-7_ |

At Approximately 0700 hours during a
Stakedown, Inmate Rollins was found to be in possession
of the following items: Razor, colored underwear, shoestrings,
and an extra set of oranges.

According to Rule No. 9  No inmate will possess or attempt
to possess contraband either on his/her person, cell or under
his/her control to include testing positive for drugs or Alcohol.

Revised 03-26-2007

Keith Reed / Jail Commander

| Signature of Sgt. / Asco |
|---|
| _Sgt. Reynolds_ |

| JUVENILE FINGERPRINT | DATE OF ARREST | ORI | |
|---|---|---|---|
| SUBMISSION   YES ☐ | MM DD YY | CONTRIBUTOR | ALO 380000 |
| TREAT AS ADULT   YES ☐ | 3·29·07 | ADDRESS | HOUSTON COUNTY S.O. |
| | | REPLY YES ☑ DESIRED? | DOTHAN, AL 36303 |

SEND COPY TO: _ID Purposes only_

DATE OF OFFENSE MM DD YY

PLACE OF BIRTH (STATE OR COUNTRY) _AL_

COUNTRY OF CITIZENSHIP _US_

MISCELLANEOUS NUMBERS

OFFICE OF THE DISTRICT ATTORNEY 20th JUDICIAL CIRCUIT ALABAMA P. O. BOX 1632 DOTHAN, AL 36302

SCARS, MARKS, TATTOOS, AND AMPUTATIONS _Mutiple_

RESIDENCE/COMPLETE ADDRESS _1 Rt Box 876_

CITY _Headland_  STATE _AL_

OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER) _J25_

LOCAL IDENTIFICATION/REFERENCE _35754_

PHOTO AVAILABLE? YES ☑  PALM PRINTS TAKEN? YES ☐

EMPLOYER: _Unemployed_

OCCUPATION _Laborer_

CHARGE/CITATION _Poss Contr Subs   (From State)_

DISPOSITION 1.

2.

3.

ADDITIONAL

ADDITIONAL

ADDITIONAL INFORMATION/BASIS FOR CAUTION

STATE BUREAU STAMP

D-249 (REV. 5-11-99)

# HOUSTON COUNTY JAIL
# LOCKDOWN INVENTORY LIST

The following items were removed from inmate _Rollins, William_ .

Inmate number _35564_         POD LOCATION _NL_

ITEMS: _Laundry Bag, 2 pair of socks, Toothpaste, Shampoo, Soap, Lotion_
_Personal Mail - Shower Shoes_

INMATE SIGNATURE: _William Rollins_

TAKEN BY: _C/o Moore_

DATE: _03/02/07_

**********************************************************************

INMATE SIGNATURE: _X W Rll._

RETURNED BY: _J. Moore_

DATE: _3-5-07_

35504

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: DC 2007 000686.00
OPER: AMI                  CASE ACTION SUMMARY
PAGE:   1                 DISTRICT   CRIMINAL              RUN DATE: 02/27/2007
=============================================================================
IN THE DISTRICT COURT OF  HOUSTON                              JUDGE: SEJ
STATE  OF  ALABAMA              VS        ROLLINS WILLIAM AARON
                                         733 N OATES UNIT #41
CASE: DC 2007 000686.00
                                         DOTHAN, AL  36303 0000
DOB: 07/03/1962          SEX: M  RACE: B  HT: 6 00  WT: 188   HR: BLK EYES: BRO
SSN: 420865907  ALIAS NAMES:
=============================================================================
CHARGE01: BURGLARY 2ND DEGREE   CODE01: BUR2  LIT: BURGLARY 2ND D TYP: F #: 001
OFFENSE DATE: 02/24/2007              AGENCY/OFFICER: 0380100 RICE
DATE WAR/CAP ISS:                     DATE ARRESTED: 02/26/2007
DATE   INDICTED:                      DATE    FILED: 02/27/2007
DATE   RELEASED:                      DATE  HEARING:
BOND      AMOUNT:      $20,000.00        SURETIES:
DATE 1: 02/28/2007  DESC: APPD        TIME: 0200 P
DATE 2:             DESC:             TIME: 0000
TRACKING NOS: WR 2007 017297 00  /                   /
   DEF/ATY:                     TYPE:                          TYPE:

                       00000                      00000

PROSECUTOR:

=============================================================================
OTH CSE: WR200701729700 CHK/TICKET NO: WR2007017297     GRAND JURY: 358-03/07
COURT REPORTER:                 SID NO:       000000000
DEF STATUS: JAIL                DEMAND:                     OPER: AMI
=============================================================================
DATE         ACTIONS,  JUDGEMENTS,  AND  NOTES
=============================================================================
```

2/20/2007  Defendant before the Court and advised of
his/her rights Hon. _will cave atty._.
is appointed counsel for the Defendant.
Trial/Preliminary Hearing is set for

_Ben_
District Judge

DATE APPEAL SENT:     2/27/2007

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME:     **ROLLINS, WILLIAM**     HCJ#:  35564   POD:  A-FLR

Date filing appeal:  2/27 - 2007

On 2/27  2007, an Inmate Sanction/Restriction was wriiten by Officer _____

Charging inmate  Rollins , with a violation of Houston County Jail Rules and Regulations # 94
X 7

The circumstances of the violations are:  Would like To be reviewed in an personal interview With the sgt or Commander.

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 1wk susp of Comm., 2wk loss visitation, 3 wk 72 hr cell restrict.

I wish to appeal the decision because:  The Officer filing this sanction has had a long period of animosity toward me that can be verified by others in the administation - I just want to be heard by some body.

****************DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY***************

On the 27th day of February , 2007, an appeal of the Sanction/Restriction taken against

inmate Rollins, William was reviewed by Sgt Buchman , and the following

action was taken:     APPEAL APPROVED     (APPEAL DISAPPROVED)     OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal:  Mr. Rollins, C/O Pearson is extremely professional and does not display animosity towards inmates. You were given 3 days lockdown which Considering that you threatened physical violence to C/O Pearson is not really as harsh as it could have or should have been.

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

27 day of FEB , 2007.

C. _____
Officer Signature          INMATE SERVED COPY: YES

who understands where I stand because
nothing can be written on paper that will
explain this situation fully

# Inmate Sanction/Restriction Documentation

Inmate Name: _Rollins  William_    Date: _02/27/07_    Inmate Number: _35564_

Pod Location: _A Pod FIR_    Pod/Cell Inmate moved to (If Applicable): ___

| Type of Restriction/Sanction: | | Date to Begin / Date to End |
|---|---|---|
| **1** WKS ☒ Suspension of Commissary Privileges | | _3/5/07_ / _3/9/07_ |
| **2** WKS ☒ Loss of Visitation Privileges | | _3/10-11/07_ / _3/17-18/07_ |
| **3** DAYS ☒ Minimum 72 Hours Cell Restriction | | _3/3/07_ / _3/6/07_ |
| ( ) Other | | |

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| Corr. 38333 | Sgt. Marsh 2/27/07 |

On 02/27/07 Approx 3:30 Am C/o Smith called me to docket to take a Inmate to A-H. As I was leaving the Rover Pod I saw I/m Rollins, William on my Moniter Snatch a pair of extra oranges off the counter and hide them in his mat. When I arrived in docket I opened I/m Rollins's matt and got the extra oranges and 2 extra blankets. As we were walking out 1082 I/m Rollins said he was going to pop me for that and watch out for him. I/m Rollins is in violation of rule No# 7 "No Inmate will incite any action that will threaten the Safety or order of the Jail" and Rule No# 9 "No inmate will posses or attempt to possess contraband either on his/her person. cell or under his/her control to include testing Positive for drugs or alcohol

<u>INMATE HAD A VERY BAD ATTITUDE TOWARDS THE</u> OFFICER AND SGT.

Revised 2/26/2007
W.B. McCarty / Jail Commander

| Signature of Sgt. / Asco |
|---|
| Slsp— |

DOMESTIC VIOLENCE
DUAL ARREST

# ALABAMA UNIFORM ARREST REPORT

3556H

OFFICERS WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| Fingerprinted | R84 Completed |
|---|---|
| ☐ Yes ☐ No | ☐ Yes ☐ No |

| 1 ORI* | 2 Agency Name | 3 Case * | 4 SFX |
|---|---|---|---|
| A L 0 3 0 0 1 0 0 | Dothan P.D | 01-07 80722 0 | |

**IDENTIFICATION**

| 5 Last First Middle Name | | 6 Alias AKA |
|---|---|---|
| Collins, William Aaron | | |

| 7 Sex | 8 Race | 9 Ethnicity | 10 Hgt | 11 Wgt | 12 Eye | 13 Hair | 14 Skin | 15 |
|---|---|---|---|---|---|---|---|---|
| M | B | ☐ Hispanic ☐ Other | 6'0 | 188 | Brn | Bald | Dark | ☐ Scars ☐ Marks ☐ Tattoos ☐ Amputations |

| 16 Place of Birth (City, County State) | 17 SSN | 18 Date of Birth | 19 Age | 20 Miscellaneous ID |
|---|---|---|---|---|
| Houston Co. | 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 | 07 27 1962 | 43 | 35564 |

| 21 SID# | 22 Fingerprint Class | Key | Major | Primary | SCDV | Sub-Secondary | Final | 23 DL# | 24 St |
|---|---|---|---|---|---|---|---|---|---|
| | Henry Class | | | | | | | none | |
| 25 FBI# | NCIC Class | | | | | | | 26 Identification Comments | |
| | | | | | | | | none | |

| 27 | ☐ Resident ☐ Non-Resident | 28 Home Address (Street, City, State, Zip) | 29 Residence Phone |
|---|---|---|---|
| | | 733 N. Oates St Dothan Al 36303 | (334) |

| 30 Occupation (Be Specific) |
|---|
| Labor |

| 31 Employer (Name of Company/School) | 32 Business Address (Street City, State, Zip) | 33 Business Phone |
|---|---|---|
| Unemployed | | ( ) |

**ARREST**

| 34 Location of Arrest (Street City, State, Zip) | 35 Sector# | 36 Arrested for Your Jurisdiction? |
|---|---|---|
| 733 N. Oates St Dothan Al 36303 | 18 | ☐ In State ☐ Out of State Agency ☑ yes ☐ No |

| 37 Condition of Arrestee: | ☐ Drunk ☑ Sober | 38 Resist Arrest? | 39 Injuries? | ☑ None | 40 Armed? |
|---|---|---|---|---|---|
| | ☐ Drinking ☐ Drugs | ☐ Yes ☑ No | ☐ Officer ☐ Arrestee | | ☐ Yes ☑ No |

| 41 Description of Weapon |
|---|
| ☐ Handgun ☐ Other Firearm |
| ☐ Rifle ☐ Other Weapon |
| ☐ Shotgun |

| 42 Date of Arrest | 43 Time of Arrest | 44 Day of Arrest | 45 Type of Arrest? | 46 Arrested Before? |
|---|---|---|---|---|
| 02 24 07 | 1330 ☐AM ☑PM ☐MIL | S M T W T F S / 1 2 3 4 5 6 | ☑ On View ☐ Warrant ☐ Call | ☑ Yes ☐ No ☐ Unknown |

| 47 Charge - 1 ☑ Fel ☐ Misd | 48 UCR Code | 49 Charge - 2 ☐ Fel ☐ Misd | 50 UCR Code |
|---|---|---|---|
| Burglary II | 2205 | | |

| 51 State Code/Local Ordinance | 52 Warrant # | 53 Date Issued | 54 State Code/Local Ordinance | 55 Warrant # | 56 Date Issued |
|---|---|---|---|---|---|
| 13A7 | | | | | |

| 57 Charge - 3 ☐ Fel ☐ Misd | 58 UCR Code | 59 Charge - 4 ☐ Fel ☐ Misd | 60 UCR Code |
|---|---|---|---|
| | | | |

| 61 State Code/Local Ordinance | 62 Warrant # | 63 Date Issued | 64 State Code/Local Ordinance | 65 Warrant # | 66 Date Issued |
|---|---|---|---|---|---|
| | | | | | |

| 67 Arrest Disposition | 68 If Out On Release What Type? | 69 Arrested with (1) Accomplice (Full Name) |
|---|---|---|
| ☐ Held ☐ Tot - LE ☐ Bail ☐ Other ☐ Released | | |
| | | 70 Arrested with (2) Accomplice (Full Name) |

**VEHICLE**

| 71 VYR | 72 VMA | 73 VMO | 74 VST | 75 VCO Top / Bottom | 76 Tag # | 77 LIS | 78 LIY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 79VIN | | 80 Impounded? ☐ Yes ☐ No | 81 Storage Location/Impound * |
|---|---|---|---|
| | | | |

| 112 Other Evidence Seized/Prop* Seized |
|---|
| |

**JUVENILE**

| 83 Juvenile Disposition: | ☐ Handled and Released ☐ Ref. to Juvenile Court | ☐ Ref to Welfare Agency ☐ Ref to Other Polce Agency | ☐ Ref. to Adult Court | 84 Released To | ☐ Continued In Narrative |
|---|---|---|---|---|---|

| 85 Parent or Guardian (Last, First, Middle Name) | 86 Address (Street City, State, Zip) | 87 Phone ( ) |
|---|---|---|

| 88 Parents Employer | 89 Occupation | 90 Address (Street, City, State, Zip) | 91 Phone ( ) |
|---|---|---|---|

**RELEASE**

| 92 Date and Time of Release | 93 Releasing Officer Name | 94 Agency/Division | 95 ID# |
|---|---|---|---|
| ☐AM ☐PM ☐MIL | | | |

| 96 Released To | 97 Agency/Division | 98 Agency Address |
|---|---|---|

| 99 Personal Property Released to Arrestee ☐ Yes ☐ No ☐ Partial | 100 Property Not Released/Held At: | 101 Property |
|---|---|---|

| 102 Remarks (Note Any Injuries at Time of Release) |
|---|

COPY

| 103 Signature of Receiving Officer | 104 Signature of Releasing Officer |
|---|---|
| CO Brannon | |

| MULTIPLE CASES CLOSED | 105 Case # | 106 SFX | 107 Case # | 108 SFX | 109 Case # | 110 SFX | 111 ADDITIONAL CASES CLOSED NARRATIVE |
|---|---|---|---|---|---|---|---|

| 112 Arresting Officer (Last, First, M.) | 113 ID# | 114 Arresting Officer Last First M.) | 115 ID# | 116 Supervisor | 117 Watch Cmdr. |
|---|---|---|---|---|---|
| S. Summer | 698 | B. Ashley | 349 | | |

TYPE OR PRINT IN BLACK INK ONLY

ACJIC -09-06 BO