**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

WILLIAM AARON ROLLINS            *
   Plaintiff                          *
v.                                *   1:08-CV-33-MHT
COMMANDER REED, et al.,           *
   Defendants                         *
                                  *

## PLAINTIFF'S MOTION IN OPPOSITION TO RULING AND ACTIONS ADVERSE TO PLAINTIFF'S RESPONSIVE MOTION AND AFFIDAVIT

COMES NOW the Plaintiff, William Aaron Rollins, in the above styled cause of action respectfully requests the Honorable District Court to recognize his issues included within to have access to procedurally available remedies pursuant to Federal Rules of Civil Procedure and pursuant to Fed.R.Civ.P. Rule 46, pertaining to the order imposed ruling by the District Court on July 11, 2008.

Plaintiff states opposition to the Court's previous ruling on the following grounds:

1. Under Rule 11 the Plaintiff is competent to testify that the allegations and other factual contentions have a legally sufficient basis to support the claims

2. Plaintiff has presented evidence that shows Rule 44 applies to the constitutional property of the grievance filed on October 26, 2007 and is definitive of an document altered after its

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

execution., being that there are additional portions that were attached and related to the Plaintiff's statement of facts. This was the primary purpose for submitting argument #34 in the Motion in Opposition.

3. The personal acknowledgements submitted by the Defendant officers.. Sergeant Buchmann and Sergeant Kirksey needs to be further exposed and examined by the Plaintiff through discovery interrogatories and admissions so that the Plaintiff can prove existing facts regarding the contentions in point #31 of the Responsive Motion in Opposition. This has to be recognized from previous Supreme Court proposals which directs hearing officers to refrain from automatically crediting the testimony of staff over that of a in-custody detainee without setting forth the evidence relied upon to make such a determination.

4. Interrogatories will play an important role in the proper dispositions of Plaintiff's opposition to the Defendants' immunity defenses.

5. Plaintiff has presented within his response a scintillia of evidence, particularly point #26 acts as the true claim of his constitutional rights being openly manipulated by the state officers acting under the color of state law. Point #26 is the controlling authority that presents the genuine issue that the jail administration deliberatly subjected the Plaintiff to administrative lockdown (on a continuing and ongoing basis) by using and misapplying a facially neutral policy.

6. The Plaintiff needs the opportunity before summary judgement is issued or considered in favor of the Defendants to have the Court confirm whether the order done on

2

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

July 11, 2008 was specifically intended as a judgement dispositive of all the claims within the Plaintiff's 1983 complaint or as an order less critical to the merits of the disputed claims and that the Plaintiff by permission of the Court may have the chance to reargue the denied Motion in Opposition (motion) to strike the Defendant's Special Report and any other discrepencies and legal considerations underlying the Court's initial July 11, 2008 judgement.

7. Plaintiff contends that the Court never acknowledged that the Defendants' Special Report and Answer could also be construed as a Rule 12(b)(6) motion.

8. Plaintiff requires documentation of the Houston County Sheriff's Administration "published" officer policies to demonstrate the Defendants' strong showing of liability and why a significant part of the Plaintiff's denial of due process constituted cruel and unusual punishment. This type of access cannot be obtained through affidavits under Rule 56(f).

Respectfully submitted, on this the 18th day of July, 2008 of the Lord.

William Rollins "Pro Se"
William Rollins #161962 C4-1B
C/O Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

3

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

## CERTIFICATE OF SERVICE

I, William A. Rollins hereby certify that I have served a copy of the foregoing Motion in Opposition to Ruling and Actions adverse to Plaintiff's Responsive Motion and Affidavit, upon the Defendants' attorney for the referenced case matter.. Gary C. Sherrer 335 West Main Street, Dothan, Alabama 36301 by placing a copy of the same in the U.S. mail postage paid and properly addressed on this 18th day of July, 2008.

NAME William Rollins  AIS # 161963  DORM # C4-B
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101-0711

36101+0711

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

"Legal Mail"