IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM AARON ROLLINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08cv33-MHT |
| | ) | (WO) |
| COMMANDER REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Pending before the court is the plaintiff's motion for extension of time to file notice of appeal. By this motion, the plaintiff seeks to appeal to the Eleventh Circuit Court of Appeals the order and final judgment of this court entered on February 24, 2010. In support of his motion, the plaintiff asserts that he had to correct and re-file a motion for reconsideration of the court's final judgment due to an internal mail problem in making service copies of the pleading for defendants' counsel. He seeks to extend the appeal time until the court enters a ruling on his motion for reconsideration.

The plaintiff's motion for extension of time to file notice of appeal was received for filing in this court on April 5, 2010. He dated his motion March 24, 2010. Fed.R.App.P. 4(a)(1)(A) provides that, in a civil case, a notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. Fed.R.App.P. 4(a)(5)(A) allows a district court to extend the time to file a notice of appeal "if a party so moves no later than 30 days after the time prescribed by this Rule 4(a)" upon a showing of excusable neglect or good cause. Fed.R.App.P. 4(c)(1) provides that, "If an inmate confined

in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." See also Houston v. Lack, 487 U.S. 266, 276 (1988).

The court finds it reasonable to conclude that the plaintiff deposited his request for an extension of time to file a notice of appeal in the institution's internal mail system on March 24, 2010. Although there were eleven regular days and seven business days between when the plaintiff deposited his motion in the prison's internal mail system and when it was received for filing by this court,[1] there is no conclusive evidence that any delay between when the document was mailed and when the court received it may be attributed to the plaintiff.[2]

For the reasons outlined, the court finds that the plaintiff's motion for extension of time to file notice of appeal was delivered to prison officials on March 24, 2010, for forwarding to the district court, making his motion timely under Fed.R.App.P. 4(a)(5)(A).[3]

---

1. Plaintiff is currently incarcerated at the Alex City Work Release Center located in Alex City, Alabama.

2. The court notes that, on March 22, 2010, the clerk of the court returned a pleading or pleadings to the plaintiff for his failure to attach a certificate of service reflecting that he had served a copy of the pleading on counsel of record. See Left side of court file. The court has no record of which pleading was returned to the plaintiff. Additionally, the envelope in which the plaintiff mailed his request for additional time to file a notice of appeal (Doc. No. 46) has an "insufficient postage" mark stamped on it. It is unclear whether it was the plaintiff who affixed insufficient postage to the mailing envelope or whether the institution did. Nonetheless, under the circumstances, the court finds it reasonable to conclude that the plaintiff's request for additional time to file notice of appeal was delivered to prison officials for mailing on the date he indicates that he submitted the pleading for mailing: March 24, 2010.

3. Pursuant to Fed.R.App.P. 4(a)(1)(A), the time to file notice of appeal from the court's February 24, 2010, final judgment expired on Monday, March 29, 2010, as the actual 30th day fell on
(continued...)

\*\*\*

Accordingly, it is ORDERED that the plaintiff's motion for extension of time to file notice of appeal (Doc. No. 47) is granted and the plaintiff is allowed until May 6, 2010, to file a notice of appeal of the court's final judgment.

DONE, this the 23rd day of April 2010.

    /s/   Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

3.    (...continued)
Saturday, March 27, 2010.