IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
WILLIAM AARON ROLLINS,       )
                             )
     Plaintiff,              )
                             )     CIVIL ACTION NO.
     v.                      )       1:08cv33-MHT
                             )           (WO)
KEITH REED, et al.,          )
                             )
     Defendants.             )
```

OPINION AND ORDER

Plaintiff William Aaron Rollins, a state inmate, filed this lawsuit challenging his placement in segregation in Houston County Jail, pursuant to 42 U.S.C. § 1983.  This cause is before the court on Rollins's motion to stay proceedings to enforce a judgment and second motion for extension of time to file notice of appeal.  For the reasons that follow, the motion to stay will be denied, but the motion for extension will be granted.

I.   BACKGROUND

A brief partial chronology of the case is warranted:

<u>February 24, 2010</u>: The court entered final judgment in this lawsuit, granting the defendants' motion for summary judgment and dismissing with prejudice.

<u>March 24</u>: Rollins filed a motion for reconsideration of the grant of summary judgment, pursuant to Fed. R. Civ. P. 59(e).[1]  He also filed a motion for an extension of time to file notice of appeal, stating, among other things, that he was "requesting [that] the time for filing his notice of appeal be suspended pending a formal

---

1.   Although Rollins's motion was not received by the court until April 5, it was signed and dated March 24, 2010.  <u>See</u> Mot. to Reconsider at 10 (Doc. No. 46).  Under the prison mailbox rule, an inmate's motion is deemed filed on the date it was delivered to prison authorities for mailing.  <u>See, e.g.</u>, <u>Alexander v. Sec'y, Dep't of Corr.</u>, 523 F.3d 1291, 1293 n.4 (11th Cir. 2008).  Moreover, "the burden is on prison authorities to prove the date a prisoner delivered documents to be mailed." <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).  "Absent evidence to the contrary in the form of prison logs or other records, [a court] will assume that [an inmate's] motion was delivered to prison authorities the day he signed it."  <u>Id</u>.

2

ruling upon [his] Motion for Reconsideration of Summary Judgment." First Mot. for Extension at 1 (Doc. No. 47).

<u>April 23</u>: The court denied Rollins's motion for reconsideration of the grant of summary judgment. In a separate order, the court granted his first motion for extension, stating that he "is allowed until May 6, 2010, to file a notice of appeal of the court's final judgment." Order at 3 (Doc. No. 49).

<u>May 6</u>: Rollins filed what he titled a "motion to stay the enforcement of summary judgment of [the] district court pending plaintiff's appeal." Mot. to Stay at 1 (Doc. No. 54).[2] He requests, in part, that the court "grant the ... [stay] in reference to the Court's previous February 24, 2010 summary judgment order in favor of the Defendants," and states that, "Plaintiff is seeking for this recommended final judgment to be reviewed on appeal." <u>Id</u>.

---

    2. Although Rollins's motion was not received by the court until May 13, it was signed and dated May 6, 2010. <u>See</u> supra n.1.

3

Rollins also filed a second motion for extension of time to file notice of appeal.[3] In the motion, he "respectfully requests the District Court to grant an extension of time to file ... [a] Notice of Appeal to meet the extended deadline of May 6, 2010." Second Mot. for Extension at 1 (Doc. No. 53). He states that his "access to the law library has been limited due to institutional security measures and the SAP program being conducted within the library," and that he "is unfamiliar with the Federal Rules of Civil Procedure doctrine on certain aspects of filing his appeal 'Pro Se.'" Id.

## II.  DISCUSSION

### A.  Motion to Stay

Rollins apparently seeks a stay to obtain additional time to prepare his appeal. He argues that a stay should be granted because: (1) he is unable "to purchase case law resources while a resident of the Alabama Dept. of

---

3. This motion arrived in an envelope with the above-discussed motion to stay.

Corrections," mot to stay at 3; (2) "[t]his particular lawsuit requires 'precise' research by way of the Internet, to access relevant and current case law and the binding procedural rules involved," id.; and, (3) it "will provide [him] with ample time to a[c]quire a definite means to consult [a] qualified attorney," id. at 3-4.  He also argues that a stay will allow the court to "amend[] it[s] findings."  Id. at 4.

Rollins, however, cites no legal basis for the court's authority to grant such a stay, nor is the court aware of any.  He purported to file his motion pursuant to Federal Rule of Appellate Procedure 8.  That rule states that:

> "A party must ordinarily move first in
> the district court for the following
> relief:
>
> (A) a stay of the judgment or order of
> a district court pending appeal;
>
> (B) approval of a supersedeas bond; or
>
> (C) an order suspending, modifying,
> restoring, or granting an injunction
> while an appeal is pending."

5

Fed. R. App. P. 8(a)(1).  However, it says nothing about the authority of a district court to grant a stay.

Federal Rule of Civil Procedure 62 provides that a district court may, in some circumstances, stay proceedings to enforce a judgment.  However, none of those circumstances appear to exist in this case.  Thus, Rollins's motion will be denied.

### B.  Motion for Extension

The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case "be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).  "Despite the thirty-day time restriction mandated by Rule 4, the running of the appeal period may be tolled by filing one of the motions listed in Rule 4, including a Rule 59 or 60 motion."  <u>Advanced Estimating Sys. v. Riney</u>, 77 F.3d 1322, 1323 (11th Cir. 1996); <u>see also</u> Fed. R. App. P. 4(a)(4)(A).  If such a motion is filed, "the time to file an appeal runs for all parties from the

6

entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). Of course, "[u]ntimely motions under Rules 59 and 60 will not toll the time for filing an appeal." Advanced Estimating Sys., 77 F.3d at 1323.

In this case, Rollins filed a motion to reconsider the court's grant of summary judgment, pursuant to Fed. R. Civ. P. 59(e). The motion was timely filed on March 24, exactly 28 days after the court entered final judgment in this case, and tolled the time for filing notice of appeal. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The court denied Rollins's motion to reconsider on April 23, thus the thirty-day time limit for filing notice of appeal began to run anew on that date. In other words, Rollins had until May 24 to file his notice of appeal.

The Federal Rules of Appellate Procedure also provide that,

7

> "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; <u>and</u> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect <u>or</u> good cause."

Fed. R. App. P. 4(a)(5)(A) (emphasis added).  "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."  Fed. R. App. P. 4(a)(5)(C).

As should be apparent, Rollins filed the instant motion for extension <u>before</u> the time prescribed by Fed. R. App. P. 4(a) expired.  Nonetheless, he must show "excusable neglect or good cause" if he is to receive an extension.

"'[E]xcusable neglect' is ... determined by reference to a four-factor test: 'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay,

8

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" <u>Advanced Estimating Sys. v. Riney</u>, 130 F.3d 996, 997-98 (11th Cir. 1997) (citation omitted).  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  <u>Id</u>. at 998 (citations and quotation marks omitted).

By contrast, "[t]he good cause standard applies in situations in which there is no fault--excusable or otherwise."  Fed. R. App. P. 4, Committee Note to 2002 Amendments.  In some cases, "[i]t may be unfair to make ... a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all."  <u>Id</u>.  "The 'good cause' standard is more lenient than the 'excusable neglect' standard, and is left to the discretion of the district court."  20 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 304.14[2][b] (3d ed. 2009).

9

In this case, the court finds good cause for an extension. Rollins, an inmate, has indicated that his "access to the law library has been limited due to institutional security measures and the SAP program being conducted within the library." Second Mot. for Extension at 1. While little legal research is necessary to meet the basic requirements of a notice of appeal,[4] the court understands the desire to research the law before deciding whether to appeal. The difficulties Rollins faces in conducting that research are surely outside of his control.

Moreover, Rollins has not been neglectful of his responsibilities. He filed his motion for extension well before the thirty-day time limit for notice of appeal had

---

    4. Pursuant to Fed. R. App. P. 3(c), a notice of appeal need only "(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice[;] ... (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." See also Smith v. Barry, 502 U.S. 244, 249 (1992) ("The Federal Rules ... envision that the notice of appeal and the appellants' brief will be two separate filings.").

run.  Indeed, he filed the extension on May 6, the date mistakenly identified by the court as the deadline for his notice of appeal.  As noted above, the court's order granting his first motion for extension purported to allow him only "until May 6, 2010, to file a notice of appeal," despite the fact that his Rule 59 motion had tolled the running of the 30-day time limit.[5]

Finally, and although unnecessary for a finding of good cause, the court notes that an extension would not unfairly prejudice the defendants.  The purpose of the notice of appeal itself "is to ensure ... sufficient notice [of the litigant's intent to seek appellate review] to other parties and the courts." <u>Smith v. Barry</u>, 502 U.S. 244, 248 (1992).  To the extent Rollins plans to

---

5. In granting the motion for extension, the court also takes into account the confusion caused by its prior order.  <u>See, e.g.</u>, <u>Bennett v. City of Holyoke</u>, 362 F.3d 1, 5 (1st Cir. 2004) ("Where, as here, a district court ... admits that its actions have caused confusion over the proper time for filing a notice of appeal, an appellate court should not deem the decision to grant a brief extension of the filing date an abuse of discretion without some compelling reason for doing so.").

appeal, it is at least arguable that documents he has already filed have provided adequate notice of that intention. See id. ("[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal.").

For these reasons, the court will grant Rollins until July 1, 2010, fourteen days from today, to file notice of appeal. He is warned that the court has no power to grant an extension beyond that date.

\*\*\*

For the foregoing reasons, it is ORDERED that:

(1) Plaintiff William Aaron Rollins's motion to stay the enforcement of the court's grant of summary judgment (doc. no. 54) is denied.

(2) Plaintiff William Aaron Rollins's motion for an extension of the time to file a notice of appeal (doc. no. 53) is granted and he is allowed until July 1, 2010, to file notice of appeal of the court's final judgment.

**DONE,** this the 17th day of June, 2010.

                         /s/ Myron H. Thompson
                     **UNITED STATES DISTRICT JUDGE**